**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTIONETTE WOODARD, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| HEALTH INSURANCE ALLIANCE, LLC | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiff Antionette Woodard (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Health Insurance Alliance, LLC ("Health Insurance Alliance") to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. Ms. Woodard also alleges that Health Insurance Alliance uses automated systems to make telemarketing calls from Florida, and that by doing so, Health Insurance Alliance has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

3. The recipients of Health Insurance Alliance's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Health Insurance Alliance makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Antionette Woodard is an individual located in this District.

5. Defendant Health Insurance Alliance, LLC is a Florida limited liability company located that makes telemarketing calls into this District.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claim as it relates to the same telemarketing campaign at issue.

7. This Court has specific personal jurisdiction over Health Insurance Alliance because the company made telemarketing calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Florida Telephone Solicitations Act

12. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

13. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

14. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**FACTUAL ALLEGATIONS**

16. Defendant Health Insurance Alliance is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Plaintiff Woodward's telephone number, 312-833-XXXX, is a residential telephone line.

18. It is not associated with a business and is used by Ms. Woodward only.

19. The telephone number has been on the National Do Not Call Registry since September 25, 2022.

20. Despite this, the Plaintiff received telemarketing calls from Health Insurance Alliance as part of its calling for Health Insurance Alliance, including on March 6 and 13, 2023.

21. The telemarketing calls mentioned inquired if the call recipient was looking for health insurance.

22. The Plaintiff was not interested and ended the first call.

23. Yet, the Plaintiff got another call on March 13, 2023.

24. The Plaintiff then spoke with a "Ryan"

25. "Ryan" promoted Health Insurance Alliance health insurance services on the call.

26. Mr. Kelly identified his company was calling for Health Insurance Alliance and provided the Defendant's website, getmehealthinsurance.org.

27. Mr. Kelly then provided a call back number of 855-219-2957.

28. That is Health Insurance Alliance's number.

29. Health Insurance Alliance has previously received complaints about its telemarketing conduct.

30. Indeed, individuals have filed complaints with the Better Business Bureau:

> About two weeks ago, I started getting phone calls from seemingly random phone numbers from locations all over the country. They were looking for someone name "Malica" (which is not me!) and said that I had made an online inquiry about health insurance (which I had not). I keep getting up to 50 calls a day at all hours of the day and also texts. I have blocked every number they use but the calls keep coming. I also signed up to have my number put on the Do Not Call registry, but the calls haven't stopped. When I tell them to stop calling they either hand up on me, or they act very rude. This is now what I would consider harassment and I would like the calls to stop immediately!

*See* https://www.bbb.org/us/fl/fort-lauderdale/profile/health-insurance/health-insurance-alliance-llc-0633-90541317/complaints.

31. The calls were not necessitated by an emergency.

32. The two calls were sent with an automated system for the selection or dialing of telephone numbers as the Plaintiff answered the calls and there was a pause and audible click prior to anyone appearing on the line.

33. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

34. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

35. Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

37. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

38. Members of the Class are so numerous that their individual joinder is impracticable.

39. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

40. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

41. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

42. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

43. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

44. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

45. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

46. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

47. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

48. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

49. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

50. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

51. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

52. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

53. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

55. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

56. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

57. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

58. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

59. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

60. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

61. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

63. The Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

| | |
|---|---|
| Dated: April 27, 2023 | PLAINTIFF, individually and on behalf of all others similarly situated, |

*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*