# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANTOINETTE WOODARD,** | |
| **Plaintiff,** | |
| v. | Case No. 23 C 2630 |
| **HEALTH INSURANCE ALLIANCE,** | Judge Harry D. Leinenweber |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Health Insurance Alliance's Motion to Dismiss [10] Plaintiff Antionette Woodard's class action lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Florida's Telephone Solicitation Act, Fla. Stat. § 501.059. Because the Court GRANTS the Defendant's Motion to Dismiss, Defendant's Motion to Strike Plaintiff's Class [9] is denied as not ripe and moot.

### I.  BACKGROUND

For purposes of deciding Defendant's Motion to Dismiss, the Court accepts the factual allegations set in the Complaint as true. Here, Plaintiff Antoinette Woodard ("Woodard") – an Illinois resident – alleges that she received two telemarketing calls, one on March 6, 2023, and the other on March 13, 2023, from Defendant Health Insurance Alliance ("HIA"), a business incorporated and principally operated out of Florida, despite having registered her number on the National Do Not Call Registry and being uninterested in an insurance plan.

On the one hand, Woodard alleges that both calls were directly from HIA "as part of its calling for HIA." (Dkt. No. 1; Complaint ("Compl.") ¶ 20). This would be a viable basis to state a claim under the Telephone Consumers Protection Act ("TCPA"), which generally prohibits making multiple telemarketing calls to a residential telephone number without consent. 47 U.S.C. § 227(c)(5). But immediately after Woodard claims HIA called her directly, Woodard also alleges that the call that she received on March 13, 2023, was from a third-party rather than HIA itself. On that call, she claims that a person named Ryan "promoted" HIA's health insurance services and that another individual, a "Mr. Kelly," "identified *his* company was calling *for* Health Insurance Alliance and provided the Defendant's website." (*Id.* ¶¶ 25-26) (emphasis added). Mr. Kelly then provided Plaintiff with a call back number: 855-219-2957. (*Id.* ¶ 27). The parties dispute who this telephone number belongs to, but Woodard's complaint contains no allegation that she ever called or received a call from this number, anyway. Thus, the thrust of Woodard's TCPA Complaint against HIA is predicated on following sentence: "the Plaintiff received telemarketing calls from Health Insurance Alliance as part of its calling for Health Insurance Alliance, including on March 6 and 13, 2023." (*Id.* ¶ 20). On these same facts, Woodard adds a supplementary claim under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, which prohibits mostly the same conduct as the TCPA, except that it applies only to businesses sending inbound texts or calls into Florida, even if the business is not organized under Florida law and has no physical presence in Florida. *See* FTSA § 501.059(e).

HIA moved to dismiss Woodard's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), arguing that Woodard's Complaint lacks sufficient factual allegations to establish standing. As explained below, the Court agrees with HIA. Woodard's complaint is deficient for several reasons, all of which can be remedied in an amended pleading. But because she has failed to state a claim, the Court must and does dismiss the action, without prejudice.

## II. LEGAL STANDARD

"'To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level.'" *Elaihor v. Primerica Life Ins. Co.*, 2023 WL 3947617, *2 (date N.D. Ill. 2023) (quoting *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018)). "'While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Id.*, at *2. (quoting *Sevugan v. Direct Energy Servs., LLC,* 931 F.3d 610, 614 (7th Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under the TCPA, a plaintiff must allege that she "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under" the statute. 47 U.S.C. § 227(c)(5). Complaints which plead facts that are merely consistent with a defendant's liability "stops

short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility of a complaint is context-specific to each legal claim. *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *2 (N.D. Ill., Dec. 18, 2012).

As HIA points out and as is elaborated in the following section, Woodard's complaint contains several conclusory and contradictory allegations that fail to nudge her TCPA allegations claim from merely possible to plausible.

### III. ANALYSIS

The most immediate problem with Woodard's Complaint is that it contradicts itself: Woodard alleges that HIA called her on March 13 in the same breath that she alleges a third party called her on March 13. (Compl. ¶¶ 20-26). Unexplained contradictory statements are afforded no weight in federal courts. *Atkins v. City of Chi.*, 631 F.3d 823, 831-32 (7th Cir. 2011) ("when a complaint is dismissed for failure to state a claim the reviewing court is to assume that the factual allegations made in the complaint (unless fantastic, or contradicted in the complaint itself or in documents attached to it) are true."); *Bahiraei v. Blinken*, 2024 WL 640801, at *9 (N.D. Ill., Feb. 15, 2024) ("Considering the inconsistent nature of these allegations, plaintiffs have at best failed to plausibly assert that consular officers refused to accept documents.").

Despite this contradiction, Woodard claims that her allegations go "far beyond" the pleading requirements, arguing that the caselaw relied on by HIA is "inapposite" and encouraging the Court to "infer" that HIA was responsible for the calls that Woodard received. (Dkt. No. 13; Pl. Mot. in Opp., at 4-5). The Court disagrees and finds *Johansen v. Vivant, Inc.*, especially instructive. 2012 WL 6590551. The *Vivant* court was concerned

with whether the plaintiff sufficiently pled that the defendant used an automatic dialing system in violation of the TCPA. In his complaint, the *Vivant* plaintiff claimed that the defendant used at automatic dialing system to deliver a pre-recorded message to the plaintiff's cellphone, which the court conceded to be "facts," and "not legal conclusions." *Id.*, at *3. But the plaintiff omitted any other information about the "circumstances surrounding [the call] to establish his belief that the messages were pre-recorded or delivered via the ATDS," leading the court to conclude that the plaintiff provided "only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action." *Id.* (quoting *Iqbal,* 556 U.S. 678, 680). Here, while Woodard does sufficiently state that the calls were made using an automatic dialer that made a "click and pause" sound, (Compl. ¶ 33), *see, e.g., Amrabmson v. AP Gas & Electric (PA) LLC,* 2023 WL 1782728 (W.D. Penn, Feb. 6, 2023), she provides no additional, independent facts to raise a reasonable expectation that discovery will reveal evidence of HIA's liability. *Id.*, at * 3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). As the *Vivant* court instructs, "it is not unreasonable to require a plaintiff to describe the phone messages he received in laymen's terms or provide the *circumstances surrounding them to establish his belief*" that the defendant used an automatic dialer in violation of the TCPA. *Id.*, at *3 (cleaned up) (emphasis added). Under the same rationale, it is not unreasonable to require Woodard to provide the circumstances surrounding her belief that HIA is responsible for the calls that she received. Otherwise, Woodard's Complaint would survive dismissal despite being nothing more than a formulaic recitation of the elements of a TCPA cause of action.

Woodard relies on cases that allege at least one or two independent, additional factual allegations that the defendant placed the calls at issue, which Woodard fails to allege here. In *Abramson v. AP Gas & Electric (PA), LLC*, the plaintiff received two calls and alleged that, in one of the calls, a man named Christopher identified himself as an employee of the defendant. 2023 WL 1782728, at *3. This allegation created an inference that the defendant AP Gas & Electric (PA), LLC, did indeed initiate the calls. *Id.* In *Stemke v. Marc Jones Construction, LLC*, the plaintiff alleged "several" times that she or her attorneys "confirmed" that the defendant placed the calls by calling the number back, and the complaint also included an allegation that the plaintiff received a phone call directly from the defendant's number. 2021 WL 4340424, at *1, *3 (M.D. Fla. 2021). Woodard's Complaint is comparatively thin, as the representatives Woodard interacted with represented themselves as promoters of Defendant HIA, not employees, and Woodard never claims that she interacted with nor received a call from HIA at all. In other words, Woodard articulates no circumstances to establish her belief that HIA was the party responsible for the calls that she received aside from the fact that their services were promoted.

Woodard's Complaint also fails to the extent that she intends to plead a principal-agent theory of liability against HIA. For instance, in *Toney v. Quality Resources, Inc.*, a court in this District partially dismissed the plaintiff's complaint, which impermissibly lumped the three defendants together – Sempris, LLC ("Sempris"), Provell, Inc. ("Provell"), and Quality Resources, Inc. ("Quality Resources"). 75 F.Supp. 3d 727, 733 (N.D. Ill. 2014). The *Toney* plaintiff never alleged that she received any phone calls from

defendant Sempris; she alleged that defendant Quality Resources made all of the calls at issue, on behalf of Sempris. *Id.* at 741. The court dismissed the relevant count against Sempris because the plaintiff did not argue outright that she stated a claim under a direct liability theory against Sempris, but "simply direct[ed] the court's attention to the" statutory language of 47 U.S.C. § 227(c)(5) that provides a cause of action for TCPA violations made "*by or on behalf of the same entity*." *Id.* (emphasis in original). This is precisely what Woodard does in her Complaint: Woodard attempts to attribute the promoters' calls to Defendant with no allegation of direct Defendant liability. (*See* Compl. ¶¶ 20, 62, 64). For the *Toney* counts that did survive dismissal, the plaintiff relied on additional, independent facts, like a contract which showed a business relationship between the defendants related to telemarketing. *Id.* There are no such factual allegations of any telemarketing contract – or any formal relationship – between the promoters and Defendant present here.

In sum, TCPA actions must allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal. *See Moore v. CHW Group*, 2019 WL 3216029, at *2 (N.D. Ill., Jul. 17, 2019) ("repeating an element of the cause of action without additional factual allegations is not sufficient to state a claim under the TCPA."). In its current iteration, Woodard's Complaint contains no factual allegations of liability which are distinguishable from the language of the TCPA. Hence, the Court must speculate, rather than reasonably infer, that HIA (or any party for that matter) called more than once – a requisite element to successfully state a claim under 47 U.S.C. § 227(c). The speculation required of the Court is only heightened in light of

the fact that "spoofing" is on the rise, where scammers attempt to obtain sensitive information by deliberately falsifying the information sent to a caller's ID to disguise their identity. *Caller ID Spoofing*, FEDERAL COMMUNICATIONS COMMISSION, Mar. 7, 2022, https://www.fcc.gov/spoofing (last accessed 2/25/2024); *Brownlee v. Allstate Ins. Co.*, 2021 WL 4306160, at *2 (N.D. Ill., Sept. 22, 2021) ("Further, spoofing is not unique; it is entirely possible that another car insurance company similarly engaged in spoofing to contact the plaintiff. Plaintiff's complaint does not allow the Court to reasonably infer that defendant is liable for each call."). The Court is not authorized to speculate as such, so Woodard's TCPA count is dismissed. *Elaihor*, 2023 WL 3947617, at *2.

But Woodard's Complaint remains salvageable. The Court has attempted to provide a roadmap of the information required to cure it, should Woodard choose to file an Amended Complaint.

\*\*\*

The Court holds that Woodard failed to state a claim under TCPA. When a federal district court dismisses federal law claims that originated in federal court such that only the state law claims remain, the usual practice is to relinquish supplemental jurisdiction by dismissing the state law claims without prejudice. *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010); *see also Fields v. Wharrie*, 672 F.3d 505, 518–19 (7th Cir. 2012). Thus, the Court also relinquishes its supplemental jurisdiction over Count I of Woodard's Complaint under the Florida's FTSA. Defendant's Motion to Strike is denied because the Court's holding renders disputes about Plaintiff's purported class both not ripe and moot.

## IV. CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss [10] and DENIES Defendant's Motion to Strike [9].

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/5/2024