**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTIONETTE WOODARD, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>vs.<br>Health Insurance Alliance, LLC<br>Defendant. | Case No. 1:23-cv-02630 |

**PLAINTIFF/COUNTER-DEFENDANT ANTIONETTE WOODARD'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF HEALTH INSURANCE ALLIANCE, LLC'S COUNTERCLAIM**

Now comes Plaintiff/Counter-Defendant Antionette Woodard and for her answer against Defendant/Counter-Plaintiff Health Insurance Alliance, LLC's counterclaim states as follows:

1. Admitted.

2. Admitted.

3. Admitted insofar as the original complaint was filed in this venue. Denied that the Defendant/Counter-Plaintiff has suffered an injury in fact and thus has not established jurisdiction.

4. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

5. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

6. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

7. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

8. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied insofar as Defendant/Counter-Plaintiff contends that it is not an agent of any third party which may also have generated the Plaintiff's lead or also called Plaintiff as part of its relationship with Defendant.

9. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied insofar as Defendant/Counter-Plaintiff contends that it is not an agent of any third party which may also have generated the Plaintiff's lead or also called Plaintiff as part of its relationship with Defendant.

10. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied insofar as Defendant/Counter-Plaintiff contends it obtained a consent associated with the Plaintiff's phone number.

11. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied insofar as Defendant/Counter-Plaintiff contends that it is not an agent of any third party which may also have generated the Plaintiff's lead or also called Plaintiff as part of its relationship with Defendant.

12. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

13. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

14. Admitted that the Plaintiff has asserted claims under the TCPA. Denied that the Plaintiff is a self-described "professional TCPA litigant." Further denied insofar as this term is legally irrelevant.

15. Admitted that the Plaintiff settled claims for statutory damages she is entitled to under the TCPA. Denied that the Plaintiff has "extracted settlements" under the TCPA. Further denied insofar as this averment insinuates that the Plaintiff's settlement of TCPA claims is improper.

16. Admitted that the Plaintiff settled claims for statutory damages she is entitled to under the TCPA. Denied that the Plaintiff has "generated revenue" under the TCPA. Further denied insofar as this averment insinuates that the Plaintiff's settlement of TCPA claims is improper.

17. Denied. The Plaintiff's phone's primary purpose is a residential phone which is used for contacting friends and family, and for personal and household use. Further denied insofar as this averment insinuates that the Plaintiff's settlement of TCPA claims for illegal calls she receives to her phone is improper.

18. Denied. Expressly denied that the Plaintiff's phone is used for business purposes or to "manufacture . . . TCPA lawsuits."

19. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

20. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied that the Plaintiff has had anything to do with the footnoted YouTube video or presentation.

21. This averment contains legal conclusions for which no response is required. Plaintiff demands strict proof of the same. Denied that the Plaintiff is a self-described "professional TCPA litigant." Further denied insofar as this term is legally irrelevant. Denied in all other respects.

22. Denied. Expressly denied that Woodard and/or her agent visited the website.

23. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

24. Denied. Expressly denied that Woodard and/or her agent filled out a form or submitted any information to the website.

25. This averment contains legal conclusions for which no response is required. Otherwise denied. Expressly denied that the possession of the Plaintiff's telephone number constitutes consent to contact the Plaintiff. Plaintiff demands strict proof of the Defendant's affirmative defense of consent.

26. Admitted that Eric Woodard is the Plaintiff's husband. Denied in all other respects, including that the phone number was provided by the Plaintiff, Eric Woodard, or any of their agents.

27. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. To the extent that this averment claims that the language claimed constituted a legally-binding clickwrap agreement under Illinois law, that averment contains legal conclusions for which no response is required.

28. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. To the extent

that this averment claims that the language claimed constituted a legally-binding clickwrap agreement under Illinois law, or a valid TCPA consent under federal law, those averments contain legal conclusions for which no response is required.

29. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied that the Plaintiff called the Defendant, as insinuated by the use of the phrase "*inbound call transfer.*"

30. This averment contains a characterization of a call transcript, which speaks for itself and to which no response is required. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Denied in all other respects.

31. This averment contains a characterization of a call transcript, which speaks for itself and to which no response is required. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Denied in all other respects.

32. Denied. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Expressly denied that Woodard "welcomed and accepted" the call.

33. This averment contains a characterization of a call transcript, which speaks for itself and to which no response is required. The Plaintiff engaged with the Defendant's employee and obtained a callback number to confirm the Defendant's identity and ascertain why she was being called illegally, and for no other reason. Denied in all other respects.

34. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied that the Plaintiff called the Defendant, as insinuated by the use of the phrase "*inbound call transfer.*"

35. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs. Expressly denied that the Plaintiff called the Defendant, as insinuated by the use of the phrase "*inbound call transfer.*"

36. This averment contains a characterization of a call transcript, which speaks for itself and to which no response is required. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Denied in all other respects.

37. This averment contains a characterization of a call transcript, which speaks for itself and to which no response is required. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Denied in all other respects. Expressly denied that the Plaintiff uses her telephone number for business purposes.

38. Denied. The Plaintiff engaged with the Defendant's employee to confirm the Defendant's identity and ascertain why she was being called illegally. Denied in all other respects.

39. Denied. Expressly denied that Woodard and/or her agent filled out a form or submitted any information to the website.

40. Denied.

41. Denied. Expressly denied that Woodard and/or her agent filled out a form or submitted any information to the website.

42. Denied. Expressly denied that Woodard and/or her agent filled out a form or submitted any information to the website.

43. Denied. Expressly denied that Woodard and/or her agent filled out a form or submitted any information to the website. The Plaintiff engaged with the Defendant's employees to confirm the Defendant's identity and ascertain why she was being called illegally, including because she did not submit anything to any website.

44. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

45. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

46. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

## AS TO COUNTERCLAIM I

47. Plaintiff realleges and reincorporates her answers to the foregoing paragraphs as if set forth at length herein.

48. Denied. Expressly denied that HIA relied on any representations or was injured.

49. Denied. To the contrary, the Plaintiff would have no knowledge of an alleged website visit that neither she, her husband, nor any of her agents, made.

50. Denied. Expressly denied that Woodard's actions were improper or done for anything other than legitimate investigative purposes.

51. Denied. Expressly denied that Woodard's actions were improper or done for anything other than legitimate investigative purposes.

52. Denied. Expressly denied that this lawsuit is a "manufactured TCPA lawsuit."

53. Denied. Expressly denied that Woodard's actions were improper, false, or done for anything other than legitimate investigative purposes.

54. Plaintiff/Counter-Defendant denies the allegations herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

55. Admitted insofar as Woodard continues to contend that the calls to her were unsolicited and violated the TCPA. Denied that the Plaintiff provided prior express consent or requested call-backs. Denied in all other respects.

56. Denied. Expressly denied that HIA has suffered any injuries, including an injury in fact.

WHEREFORE, Plaintiff/Counter-Defendant asks this Court to enter judgment in the Plaintiff's favor and against Defendant/Counter-Plaintiff and award fees, costs, and other relief allowed by law or the Court.

## AS TO COUNTERCLAIM II

57. Plaintiff realleges and reincorporates her answers to the foregoing paragraphs as if set forth at length herein.

58. Denied. To the contrary, the Plaintiff would have no knowledge of any purported consent that neither she, her husband, nor any of her agents, provided.

59. Denied. Expressly denied that Woodard's actions were improper or done for anything other than legitimate investigative purposes or that they constituted an intentional concealment.

60. Denied. Expressly denied that Woodard owed HIA any duty.

61. Denied. Expressly denied that any of Woodard's investigative conduct constituted an actionable or material representation.

62. Denied. Expressly denied that the TCPA or any law or statute requires the Plaintiff to state that they no longer wish to receive illegal calls.

63. Denied. Expressly denied that Woodard owed HIA any duty.

64. Denied. Expressly denied that Woodard intended for HIA to rely on any alleged nondisclosure.

65. Denied. Expressly denied that HIA has suffered any ascertainable loss of "employee time and resources."

66. Denied. The calls were unsolicited.

67. Denied. Expressly denied that HIA has suffered any injuries, including an injury in fact.

WHEREFORE, Plaintiff/Counter-Defendant asks this Court to enter judgment in the Plaintiff's favor and against Defendant/Counter-Plaintiff and award fees, costs, and other relief allowed by law or the Court.

## AS TO COUNTERCLAIM III

68. Plaintiff realleges and reincorporates her answers to the foregoing paragraphs as if set forth at length herein.

69. Denied. Expressly denied that the Woodard made any false or fraudulent statements.

70. Denied. To the contrary, the Plaintiff would have no knowledge of any purported consent that neither she, her husband, nor any of her agents, provided.

71. Denied. Expressly denied that Woodard's actions were improper or done for anything other than legitimate investigative purposes or that they constituted any inducement at all.

72. Denied. Expressly denied that Woodard's actions were improper or done for anything other than legitimate investigative purposes or that they constituted any inducement at all.

73. Denied. Expressly denied that this lawsuit is a "manufactured TCPA lawsuit."

74. Denied. Expressly denied that any of Woodard's investigative conduct constituted an actionable fraudulent inducement or that she wanted HIA to continue to call her.

75. Denied. Expressly denied that HIA has suffered any ascertainable loss of "employee time and resources."

76. Denied. The calls were unsolicited.

77. Denied. Expressly denied that HIA has suffered any injuries, including an injury in fact.

WHEREFORE, Plaintiff/Counter-Defendant asks this Court to enter judgment in the Plaintiff's favor and against Defendant/Counter-Plaintiff and award fees, costs, and other relief allowed by law or the Court.

## AFFIRMATIVE DEFENSES

Now comes Plaintiff/Counter-Defendant Antionette Woodard and for her affirmative defenses against Defendant/Counter-Plaintiff Health Insurance Alliance LLC's counterclaim states as follows:

1. Defendant/Counter-Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant/Counter-Plaintiff fails to state the elements of fraud with particularity.

3. Defendant/Counter-Plaintiff's claims are barred by unclean hands and a lack of good faith.

4. Defendant/Counter-Plaintiff's claims are barred by their own wrongful, negligent, and improper conduct.

5. Defendant/Counter-Plaintiff's claims are entitled to offset.

6. Defendant/Counter-Plaintiff's alleged injuries were not proximately caused by the Plaintiff; rather, the alleged injuries were caused directly and/or solely by the actions or inactions of Defendant and/or other third parties, including the unidentified website operator, and/or the marketing efforts of unspecified third party companies, not Plaintiff.

7. Defendant/Counter-Plaintiff has failed to mitigate its damages.

8. Plaintiff reserves the right to supplement and amend these Affirmative Defenses as necessary.

RESPECTFULLY SUBMITTED AND DATED this March 12, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**Certificate of Service**

The foregoing document has been filed electronically, is available for viewing and downloading from the ECF system, and has been served on all parties of record via electronic service through the ECF system on March 12, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
