**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Case No.: 1:23-cv-02630**

ANTIONETTE WOODARD, individually
And on behalf of all others similarly situated,

      Plaintiff/Counter-Defendant,

v.

HEALTH INSURANCE ALLIANCE LLC,

      Defendant/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF HEALTH INSURANCE ALLIANCE LLC'S
MOTION TO STRIKE PLAINTIFF/COUNTER-DEFENDANT
ANTIONETTE WOODARD'S AFFIRMATIVE DEFENSES**

Defendant/Counter-Plaintiff, Health Insurance Alliance LLC ("Defendant/Counter-Plaintiff" or "HIA"), by and through the undersigned counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby respectfully moves to strike Plaintiff/Counter-Defendant Antionette Woodard ("Plaintiff/Counter-Defendant" or "Woodard")'s affirmative defenses, and in support thereof, states as follows:

**INTRODUCTION AND BACKGROUND**

This is a classic manufactured Telephone Consumer Protection Act ("TCPA") class action. On November 8, 2024, HIA filed its counterclaims against Woodard for fraud. Woodard moved to dismiss HIA's counterclaims. The Court denied it. On March 12, 2025, Woodard filed her Answer to HIA's counterclaims, in which she raised eight (8) one-sentence statements as affirmative defenses. For the reasons explained below, the Court should strike Woodard's affirmative defenses because they are mere general denials to HIA's counterclaims, fail to meet the requisite pleading standard, and are factually and legally insufficient.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). In conjunction with Rule 12(f), the Federal Rule of Civil Procedure 8(b)(1)(A) requires a party to state in short and plain terms its defenses to each claim against it. *See* Fed. R. Civ. P 8(b)(1)(A). The court will strike an affirmative defense as legally insufficient if the plaintiff shows that the defendant could not possibly prove a set of facts under the affirmative defense that would defeat the complaint. *See Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 737 (N.D.Ill.1982). Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. *See Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *See Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

"This district has followed a three-part test in examining affirmative defenses subject to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000) (quotation omitted). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Bare bone conclusory allegations are insufficient. *See Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No.

11 CV 7494, 2012 WL 1108424, at *1 (N.D.Ill. Apr.2, 2012); *Green v. Kubota Tractor Corp.*, No. 09 CV 7290, 2012 WL 1416465, at *1 (N.D. Ill. Apr. 24, 2012).

## ARGUMENT

### Woodard's Affirmative Defenses Should Be Stricken as Legally Insufficient

It is well established that a party's affirmative defenses must meet the requisite degree of certainty to be sufficient. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 at 323). *See State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("It is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which is after all the goal of notice pleading"); *see also, e.g., Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980); *Openshaw v. Cohen, Klingenstein, & Marks, Inc.*, 320 F. Supp. 2d 357, 364 (D. Md. 2004).

Here, Woodard raises eight (8) one-sentence affirmative defenses in her Answer. Yet, Plaintiff's affirmative defenses are extremely vague and conclusory that fail to inform HIA the basis of her defenses. Indeed, in her Answer, Woodard only asserts boilerplate defenses and none of which are supported by any ultimate fact. Woodard also fails to identify or label her affirmative defenses for HIA to ascertain what exact affirmative defenses Woodard is raising. Moreover, Woodard fails to plead the required elements of her affirmative defenses with any ultimate fact, rendering all her allegations to be bare legal conclusions. In any event, Woodard's affirmative defenses are legally insufficient and cannot withstand a motion to strike under Rule 12(f).

1. Woodard's First Affirmative Defense

For her first affirmative defense, Woodard alleges that: "Defendant/Counter Plaintiff fails to state a claim upon which relief can be granted." *See* ECF No. 48, at p. 10.

This is not a proper defense. The courts in this District routinely held that "[s]imply reciting the Rule 12(b)(6) standard is not a proper affirmative defense." *Divine v. Volunteers of Am. of Illinois*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018); *see also Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Illinois Nat. Bank & Tr. Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983) ("Moreover such legal insufficiency (properly assertable under Rule 12(b)(6)) is not a proper affirmative defense under Rule 8(c), for 'a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense....'"). Here, Woodard merely recites Rule 12(b)(6) standard and fails to provide any ultimate fact to support this defense. Also, it is wholly unclear which claim Woodard asserts fail to state a claim. HIA asserted three separate counterclaims: common-law fraud, fraud by nondisclosure, and fraudulent inducement. Woodard fails to specifically describe which counterclaim fails to state a claim. Woodard also fails to raise any new matters outside the scope of HIA's counterclaims.

More importantly, the Court already ruled that Woodard's Rule 12(b)(6) argument lacks merit. *See* ECF No. 46, at p. 4. The Court found that HIA's facts support its fraud claims. *See id.* at p. 9. Woodard should not be allowed to raise the same defense that has been adjudicated on the merit. Not to mention that this one-sentence defense fails to meet the requisite pleading standard and raises nothing new. In any event, Woodard's first affirmative defense is not a proper affirmative defense, which should be stricken as a matter of law. *See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014) ("The Court agrees with the holding of Illinois

4

Wholesale and concludes that a defendant may not plead a plaintiff's failure to state a claim as an affirmative defense. And, even if it were permitted to do so, Defendant's one-sentence defense would be insufficient under the Twombly–Iqbal standard. Accordingly, Defendant's first affirmative defense is dismissed with prejudice.").

 2. <u>Woodard's Second Affirmative Defense</u>

  For her second affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff fails to state the elements of fraud with particularity." *See* ECF No. 48, at p. 11.

  Like her first defense, Woodard's second defense is also improper. Woodard again fails to support her second affirmative defense with any ultimate fact. Also, Woodard fails to indicate which counterclaim does not state the elements of fraud with particularity and how. Instead, Woodard blanketly asserts that HIA "fails to state the elements of fraud with particularity." In any event, Woodard fails to provide any ultimate facts about how HIA's claims do not meet the particularity requirement as required by Rule 9(b). More importantly, like her first defense, the Court already adjudicated that Woodard's Rule 9(b) argument lacks merit. *See* ECF No. 46, at p. 4. The Court found that HIA's fraud claims meet the requirements of Rule 9(b). *See id.* at pp. 4-5. Thus, Woodard's second affirmative defense is also not a proper affirmative defense, which should be stricken as a matter of law. *See Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, No. 82 C 2726, 1985 WL 1942, at *1 (N.D. Ill. July 3, 1985) ("The last defense is based on plaintiff's alleged failure to plead fraud with particularity. This is not an affirmative defense, but the defendant may move to dismiss under Rule 9(b) of the F.R.Civ.P. Accordingly, the Eleventh and Separate Defense is stricken."); *see also Reger v. Arizona RV Centers, LLC*, No. 3:16-CV-778-MGG, 2018 WL 2434040, at *4 (N.D. Ind. May 30, 2018) ("[F]ailure to plead fraud with specificity is not a proper affirmative defense.").

3. Woodard's Third Affirmative Defense

For her third affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff's claims are barred by unclean hands and a lack of good faith." *See* ECF No. 48, at p. 11.

Woodard's third affirmative defense – unclean hands and lack of good faith – fails. The courts in this District held that "[u]nclean hands is an equitable defense that must be pled with each specific element required to establish the defense." *Sweeney v. Forrest Redi-Mix Inc.*, No. 09 C 2850, 2009 WL 10742115, at *2 (N.D. Ill. Oct. 29, 2009); *see also Bd. of Educ. of Thornton Twp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Cmty. High Sch. Dist. 217*, No. 06 C 2005, 2006 WL 2460590, at *4 (N.D. Ill. Aug. 21, 2006) ("Plaintiffs correctly argue that affirmative defenses based on unclean hands, misrepresentation, and estoppel are subject to Fed.R.Civ.P. 9(b)'s heightened pleading requirements.").

Here, Woodard merely pleads a bare-bone, conclusory statement without providing any ultimate fact to support it. Indeed, Woodard's one-sentence defense is merely a general denial with no supporting facts that fail to put HIA on notice about the basis of her defense. This defense also cannot meet the heightened pleading requirements of Rule 9(b). Thus, Woodard's third affirmative defense fails to meet the requisite pleading standard and is a mere denial of HIA's counterclaims, which should be stricken as legally insufficient. *See Cozzi v. United of Omaha Life Ins. Co.*, No. 1:20-CV-04031, 2021 WL 1165090, at *4 (N.D. Ill. Mar. 26, 2021) (striking affirmative defense of unclean hands and noting that "any amended equitable affirmative defense must contain sufficient factual material to establish each element of the defense."); *see also Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *2 (N.D. Ill. Jan. 9, 2015) ("Roka Akor's second affirmative defense is that the doctrines of 'laches, unclean hands, and/or avoidable consequences' bar Sanchez's claims. This affirmative defense is conclusory and leaves Sanchez

and the court guessing as to which defense is allegedly applicable and why. The motion to strike is granted.").

4. Woodard's Fourth Affirmative Defense

For her fourth affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff's claims are barred by their own wrongful, negligent, and improper conduct." *See* ECF No. 48, at p. 11.

Like her other defenses, Woodard merely pleads a bare-bone, conclusory statement without providing any ultimate facts to support it. Woodard's fourth affirmative defense fails to tell us what the alleged "wrongful, negligent, and improper conduct" is and how such conduct barred HIA's claims. As such, Woodard's fourth affirmative defense fails to put HIA on notice of the basis of the defense. Thus, Woodard's fourth affirmative defense fails to meet the requisite pleading standard and is a mere denial of HIA's counterclaims, which should be stricken as legally insufficient. *See Williams v. Cont'l Stock Transfer & Tr. Co.*, 1 F. Supp. 2d 836, 844 (N.D. Ill. 1998) ("In this case, Continental, in its affirmative defenses, has not sufficiently pled the Commissioner's negligent acts. There is no reference to what these acts were or when these acts occurred. Thus, the Commissioner's motion to strike Continental's Third Affirmative Defense is granted."); *see also Nat'l Council on Comp. Ins., Inc. v. Am. Intern. Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at *6 (N.D. Ill. Feb. 23, 2009) ("'Contributory wrongful conduct' is not among the affirmative defenses listed in Fed.R.Civ.P. 8(c), nor is there any precedent for this defense."); *Burlington N. R. Co. v. JMC Transp., Inc.*, 567 F. Supp. 389, 393 (N.D. Ill. 1983) ("Under the post-*Alvis* regime, however, *neither* plaintiff's negligence nor an entruster's misconduct would *bar* recovery—both would simply enter into the calculus of fault. That substantive change in governing Illinois law thus mandates corresponding changes in how federal litigants plead contributory

negligence and other elements of a claimant's own fault.") (italic in original); *Sanwa Bus. Credit Corp. v. Harris*, No. 91 C 0204, 1991 WL 156116, at *7 (N.D. Ill. Aug. 6, 1991) (striking the affirmative defense that the damage the plaintiff suffered was "due to its own conduct" because "this defense offers nothing new.").

5. Woodard's Fifth Affirmative Defense

For her fifth affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff's claims are entitled to offset." *See* ECF No. 48, at p. 11.

"As courts in this district have observed, an affirmative defense operates to eliminate liability rather than reduce it." *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, No. 08-CV-3490, 2009 WL 2778078, at *12 (N.D. Ill. Aug. 31, 2009). "Because credit, offset, and setoff are not affirmative defenses in the context of this case, they need not be pleaded." *Id. See Ty Inc. v. Esquire Licensing, LLC*, No. 1:18-CV-2726, 2019 WL 13084202, at *3 (N.D. Ill. Feb. 21, 2019) ("[M]ultiple courts in this district have determined that offset is not an affirmative defense… Accordingly, the Court Strikes Defendant's sixth affirmative defense [offset] with prejudice."); *see also Ace Hardware Corp. v. Marn, Inc.*, No. 06 C 5335, 2008 WL 4286975, at *8 (N.D. Ill. Sept. 16, 2008) ("[A] claim for setoff, or recoupment for that matter, is not an affirmative defense because it does not destroy the plaintiff's right of action."); *Weber Shandwick Worldwide v. Reid*, No. 05 C 709, 2005 WL 1651030, at *6 (N.D. Ill. May 12, 2005) (same); *Cipa Mfg. Corp. v. Allied Golf Corp.*, No. 94 C 6574, 1995 WL 337022, at *2 (N.D. Ill. June 1, 1995) (same).

Woodard's fifth affirmative defense fails because, as stated above, "offset" is not an affirmative defense. For this reason alone, the Court should strike Woodard's fifth affirmative defense as a matter of law.

Even if "offset" is an affirmative defense, like her other defenses, Woodard merely pleads a bare-bone, conclusory statement without providing any ultimate facts to support it. This is insufficient. In any event, Woodard's "offset" defense fails to put HIA on notice of the basis of the defense. Thus, Woodard's fifth affirmative defense fails to meet the requisite pleading standard and is a mere denial of HIA's counterclaims, which should be stricken as legally insufficient.

6. Woodard's Sixth Affirmative Defense

For her sixth affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff's alleged injuries were not proximately caused by the Plaintiff, rather, the alleged injuries were caused directly and/or solely by the actions or inactions of Defendant and/or third parties, including the unidentified website operator, and/or the marketing efforts of unspecified third-party companies, not Plaintiff." *See* ECF No. 48, at p. 11.

Like her other defenses, Woodard merely pleads a bare-bone, conclusory statement without providing any ultimate facts to support it. Specifically, Woodard's sixth affirmative defense lacks any facts about how HIA's injuries "were not proximately caused by the Plaintiff" but rather "caused directly and/or solely by the actions or inactions of Defendant and/or third parties." While Woodard vaguely mentioned "the unidentified website operator" and the "unspecified third-party companies," she fails to provide any facts about how they caused HIA's injuries. Indeed, HIA's injuries were caused by Woodard's fraud. It is unclear how these third parties caused HIA's injuries when the fraudulent conduct was committed by Woodard. As such, Woodard's sixth affirmative defense fails to put HIA on notice of the basis of the defense. Thus, Woodard's sixth affirmative defense fails to meet the requisite pleading standard and is a mere denial of HIA's counterclaims, which should be stricken as legally insufficient. *See Rankins v. Sys. Sols. of Kentucky*, No. 19-CV-3775, 2021 WL 5415148, at *2 (N.D. Ill. Nov. 19, 2021) (striking "intervening/superseding cause

and sole proximate cause as improper affirmative defenses"); *see also Sliwa v. Hunt*, No. 92 C 6215, 1992 WL 350661, at *1 (N.D. Ill. Nov. 24, 1992) (explaining that "The sole proximate cause of any loss to the Plaintiff is the Plaintiff's own conduct[,]" "is not really an 'affirmative defense'" as that concept is employed in the federal practice, a concept akin to the 'confession and avoidance' in common law pleading (see Fed.R.Civ.P. 8(c) and the exemplary laundry list that it sets out)."); *Rimac v. Nissan Motor Corp., U.S.A.*, No. 81 C 6822, 1985 WL 4868, at *1 (N.D. Ill. Dec. 18, 1985) ("Defendants' second affirmative defense (plaintiff's careless conduct was the sole proximate cause of his injuries)…imply total fault on the part of the plaintiff. These are not federal affirmative defenses because they do not admit the allegations of the third amended complaint. Accordingly, the Court strikes each of defendants' second and fifth affirmative defenses.").

7.   Woodard's Seventh Affirmative Defense

For her seventh affirmative defense, Woodard alleges that: "Defendant/Counter-Plaintiff has failed to mitigate its damages." *See* ECF No. 48, at p. 11.

Like her other defenses, Woodard merely pleads a bare-bone, conclusory statement without providing any ultimate facts to support it. Woodard's defense lacks any facts about how HIA "failed to mitigate its damages." As such, Woodard's seventh affirmative defense fails to put HIA on notice of the basis of the defense. Thus, Woodard's seventh affirmative defense fails to meet the requisite pleading standard and is a mere denial of HIA's counterclaims, which should be stricken as legally insufficient.  *See Pac. Constr. Services, Inc. v. Stone City Ironworks, Inc.*, No. 19-CV-4036, 2020 WL 1139258, at *3 (N.D. Ill. Mar. 9, 2020) (striking the affirmative defense of failure to mitigate and noting that "nothing in any of its affirmative defenses puts forth facts that adequately pleads an alleged failure to mitigate or, for that matter, even mentions mitigation."); *see also Slick v. Portfolio Recovery Associates, LLC*, No. 12 C 2562, 2013 WL 12618664, at *1

(N.D. Ill. Feb. 1, 2013) (granting motion to strike and noting that the defendant "failed to identify any basis in law or fact for a failure to mitigate damages affirmative defense"); *Harken Fin. Svcs v. Broadridge Fin. Sols., Inc.*, No. 09 C 4088, 2009 WL 10714946, at *5 (N.D. Ill. Oct. 20, 2009) ("Here, Defendant has not pleaded the defense of failure to mitigate with the requisite specificity. In fact, Defendant's affirmative defense is not supported by factual allegation. Plaintiff therefore does not have notice of the basis for the defense.").

   8.   Woodard's Eighth Affirmative Defense

   In paragraph 8, Woodard states as follows: "Plaintiff reserves the right to supplement and amend these Affirmative Defenses as necessary." *See* ECF No. 48, at p. 11.

   This is not an affirmative defense. Yet, Woodard labeled it as her eighth affirmative defense. "This 'catchall' defense is improper, since affirmative defenses must be pled based on facts known at the time of the answer." *Levin v. Abramson*, No. 18-CV-1723, 2020 WL 2494649, at *14 (N.D. Ill. May 13, 2020). "'[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case.'" *Struve v. Electrolux Home Prods., Inc.*, No. 17-CV-8158, 2019 WL 918503, at *6 (N.D. Ill. Feb. 25, 2019) (quotation omitted). Here, Woodard's eighth affirmative defense adds unnecessary clutter to the case as it is labeled as an affirmative defense but is not an affirmative defense. Thus, Woodard's eighth affirmative defense should be stricken.

**CONCLUSION**

   Based on the foregoing, this Honorable Court should strike Woodard's affirmative defenses as legally insufficient.

Dated: March 24, 2025                    Respectfully submitted,

                                         By:  /s/ *Tyler A. Mamone*
                                         Tyler A. Mamone, Esq.
                                         Florida Bar No.: 111632
                                         (admitted *pro hac vice*)

11

Yetian Wang, Esq.
Florida Bar No.: 1025778
(admitted *pro hac vice*)
**MAMONE VILLALON**
100 SE 2nd St., Suite 4030
Miami, Florida, 33131
Tel: (786) 495-8180
E-mail: tyler@mvlawpllc.com
   yetian@mvlawpllc.com

Donald J. Morrison, Esq.
ARDC# 6225680
**KELLEHER** + **HOLLAND, LLC**
32 N. West Street
Waukegan, IL 60085
Tel: (847) 244-2660
Email: dmorrison@kelleherholland.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of such filing to all counsel of record as indicated on the service list.

By: _/s/ Tyler A. Mamone_____
Tyler A. Mamone, Esq.
