IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTIONETTE WOODARD, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 23-cv-2630 |
| Plaintiff, | : : : | Hon. Elaine Bucklo |
| v. | : : | |
| HEALTH INSURANCE ALLIANCE, LLC | : : | |
| Defendant. | : : / | |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to this Court's October 25, 2024 Order (ECF No. 34), the plaintiff/ counter-defendant Antionette Woodard and defendant/ counter-plaintiff Health Insurance Alliance, LLC submit joint report of the parties' planning meeting.

1. **Meeting**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held between the parties and attended by:

| Plaintiff | Defendant |
|---|---|
| Anthony I. Paronich | Tyler Mamone |
| Paronich Law, P.C. | Mamone Villalon |
| 350 Lincoln Street, Suite 2400 | 200 SE 2nd Street, Suite 4030 |
| Hingham, MA 02043 | Miami, FL 33131 |
| (508) 221-1510 | 786-495-8180 |

2. **Pretrial Schedule**

The parties jointly propose to the court the following discovery plan:

Plaintiff/ Counter-Defendant to amend pleadings by: **May 23, 2025**

Plaintiff/ Counter-Defendant to add parties by: **May 23 2025**

Defendant/ Counter-Plaintiff to amend pleadings by: **May 23, 2025**

Defendant/ Counter-Plaintiff to add parties by: **May 23, 2025**

3. **Discovery.** Discovery will be needed on the following subjects:

Plaintiff/ Counter-Defendant's Position:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on their behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

The Plaintiff/Counter-Defendant opposes bifurcated discovery and does not believe it is appropriate in this case as this Court found in a TCPA case just last year. *See Zielonksi v. eHealth Insurance Services, Inc.*, Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill.) ("MINUTE entry before the Honorable Elaine E. Bucklo: Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied. Plaintiff's complaint adequately states a claim, the allegations of a class action are also adequately alleged and therefore not properly challenged in a motion to strike, and given the time spent fruitlessly on these two motions, I am not going to delay this case further through bifurcation of discovery.") Similar here, this *2023* case was delayed by the Defendant's Motion to Dismiss and/or Strike that was denied. This case should proceed to discovery without delay.

As she has at all times throughout this matter, Ms. Woodard has denied submitting a lead

and consenting to the calls at issue. However, for purposes of this requested relief, the defendant has not shown how their telemarketing differs in any material way for the calls to Ms. Woodard as other proposed class members.

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here, especially because the Defendant seeks a single phase of discovery related to one affirmative defense, it's claim that it obtained consent. Indeed, this one way discovery is unfair and Defendant's request to limit discovery initially to its preferred issue is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, *9 (D. N.J. August 22, 2019) (denying similar request to bifurcate in a TCPA case). "The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery." *Id.*

To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake this one-way discovery related to a single affirmative defense and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions (related to the purported adequacy of the alleged consent at issue), all limited just to the one affirmative defense. Then, Defendant would file a dispositive motion limited to alleged consent relative to Plaintiff's individual claims that is destined to have a disputed issue of material fact. Indeed, the Plaintiff *has already denied through an affidavit* that she submitted the lead at issue.

Indeed, a similar dispute was resolved in *Clotz v. The Federal Savings Bank, et. al.*, Civil Action No. 22-cv-3755, ECF No. 66, which denied a motion for summary judgment on consent in TCPA case holding:

> Consent is an affirmative defense to a TCPA claim on which the defendants bear the burden of proof…To prevail, the defendants must establish express consent relating "to the same subject matter as is covered by the challenged calls." *Blow v. Bijora, Inc.*, 855 F.3d 793, 804 (7th Cir. 2017) (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044–45 (9th Cir. 2017)). On summary judgment, the defendants "must lay out the elements of the [defense], cite the facts which [they] believe[] satisf[y] these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant . . . ." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015)
>
> Clotz admitted that the IP address shown in the lead report is his own (R. 52-2 ("Clotz Dep.") at 29:17-30:18), that he lives at the listed address in Lorain, Ohio, and that clotzterry@gmail.com is his email address. (*See id.* at 29:10–31:20; Pl.'s Resp. to Def.'s SOF ¶¶ 12, 15, 25–27.) He testified that he was the only person in his household who uses his phone, tablet, or laptop (Clotz Dep. at 19:6–16), and that he is the only person who would have been using the internet in his home on the date in question. (*Id.* at 36:5–10.) Nonetheless, Clotz denied having visited FedRateWatch.org. (*Id.* 27:8–10; 31:20–22.) Clotz presented screenshots of his browsing history for April 2022. (*See* R. 56-1.) FedRateWatch.org does not appear in the screenshots. (*Id.*) While Clotz admitted that he could not "say for certain whether or not [his] searches returned a complete Internet history," (Clotz Dep. at 32:16–19), he was adamant that he never visited the website. (*Id.* at 31:20–22; 39:21–40:1.)
>
> Here, conflicting evidence as to whether Clotz actually visited FedRateWatch.org on the date in question precludes granting summary judgement in favor of the defendants.

The evidence is even stronger here for the Plaintiff as the Defendant does not have the right IP address, strongly supporting someone else visited the website. The Defendant should not be permitted to conduct discovery on a single issue that is destined to be resolved in a disputed issue of material fact. This is in addition to the many other potential attacks that could be developed regarding the single affirmative defense of consent. *See e.g. Bradley v. DentalPlans.com*, No. CV 20-1094-BAH, 2024 WL 2865075, at *7 (D. Md. June 6, 2024), (denying motion for summary judgment on basis that legally sufficient consent was not obtained); *Mantha v. Quotewizard.com, LLC*, No. CV 19-12235-LTS, 2021 WL 6061919, at *8 (D. Mass. Dec. 13, 2021) (holding that the consent to make calls purportedly obtained via a website was legally deficient because it did

not meet the requirements of the E-SIGN Act. As a result, in *Mantha*, the court entered partial summary judgment *on behalf of a plaintiff* on the issue of consent.")

Once the parties do this work related to the Defendant's chosen issue, they will have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues, as well as the remaining issues on the Plaintiff's individual claim. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014).

The Court could deny the motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . .

because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004) (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery,

coupled with endless disputes over what is 'merit' versus 'class' discovery").

Furthermore, bifurcation would delay discovery necessary to demonstrate the classes' claims, it would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. Indeed, in this sense the requested relief is akin to a motion to stay, since the Defendant is seeking to avoid all class discovery for an indefinite period of time. "Motions to stay discovery are disfavored as they can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. Accordingly, a stay of all discovery pending resolution of a motion is rarely appropriate unless resolution of the motion would dispose of the entire case. The Court must balance several concerns, i.e., it must determine whether the pending motion will be granted and entirely eliminate the need for discovery." *Doe v. Coll. Bd. & Educ. Testing Serv.*, No. 8:18-cv-2172-T-36AEP, 2019 U.S. Dist. LEXIS 238168, at *5-6 (M.D. Fla. Mar. 14, 2019) (cleaned up) ("the Court finds that the harm produced by delay in this case would outweigh the benefit of staying disclosures and discovery").

Defendant/ Counter-Plaintiff's Position:

Defendant/ Counter-Plaintiff believes that putative class discovery is premature at this stage and that a phased discovery schedule in which discovery is first conducted on Woodard's individual claims and HIA's counterclaims for fraud before any putative class discovery is appropriate here and would serve the purposes of Fed. R. Civ. P. 1, which requires the "just, speedy, and inexpensive determination of every action and proceeding." Indeed, all available evidence suggests that Woodard consented to receive telemarketing calls and fraudulently solicited calls from HIA to manufacture this TCPA lawsuit. Not only was a consent form for the call

submitted, *but Woodard even expressly asked to be called back during one of these allegedly unwanted phone calls and she never revoked any such consent*. It would make little sense to open the door to expensive class-wide discovery (at HIA's great expense) before addressing these narrow, threshold issues. Nor does evaluating Woodard's consent or her fraud overlap with class discovery. Combing through extensive records of calls to people other than Woodard has no bearing on whether Woodard consented to the alleged calls in her complaint. Phased discovery can thus "simplify the case and to save both parties the time and expense of class discovery[.]" *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021); *see also Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (granting motion to bifurcate and noting that "where some limited, first-stage production could stave off substantial wasted efforts, the Court believes bifurcation is appropriate.").

Further, this initial discovery into Woodard's individual claims and HIA's counterclaims for fraudulently staging this TCPA case will nonetheless confirm that her proposed class could never be certified. Not only will discovery related to HIA's counterclaims for fraud demonstrate that Woodard is an inadequate class plaintiff with non-typical claims, but the validity of other consent forms and whether individual class members ever revoked such consent would require individualized analysis, precluding certification. *See, e.g.*, *Williams v. PillPack, LLC*, 2021 WL 5113467, at *6 (W.D. Wash. Nov. 3, 2021) (decertifying class because individualized issues of consent precluded certification, noting that whether "opt-ins" obtained "valid consent under the TCPA is not a common question for all newly proposed class members").

Conducting discovery on Woodard's individual claims and HIA's counterclaims first will likely end this case on its merits without forcing the parties to incur the expensive and unnecessary

costs associated with class discovery. Under such circumstances, courts often phase discovery because it is equitable, efficient, non-prejudicial, justified, and serves the purpose of Rule 1. *See Newell v. Aliera Healthcare, Inc.*, No. 1:19-CV-01489-SCJ, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) ("Everything considered, the Court finds that bifurcating discovery into two phases (i.e., limited discovery into the merits of Plaintiff's individual TCPA claim followed by class-wide discovery if Plaintiff's individual TCPA complaint survives) will promote the efficient resolution of this matter."); *see also Kemen v. Cincinnati Bell Tel. Co. LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *3 (S.D. Ohio Aug. 2, 2024) (granting motion to bifurcate discovery in the TCPA case and noting that "bifurcating discovery has the potential to promote the 'speedy' and 'efficient' resolution" of the matter); *Akselrod*, 2021 WL 100666, at *2 (granting the defendant's request to bifurcate liability and class discovery); *Physicians Healthsource, Inc.*, 2014 WL 413534, at *5 (same).

With respect to the discovery sought, Defendant/ Counter-Plaintiff will, *inter alia*, seek documents and ESI relating to (1) Woodard's history as a professional TCPA plaintiff, including demands made and revenue derived from same; (2) the consent form involving Woodards's phone number and the circumstances involving its submission; (3) emails, texts, and other communications between Woodard and any co-conspirators who may have submitted the consent form on her behalf; (4) emails, texts, and other communications between Woodard and any co-conspirators who may coached her or who otherwise assisted her in staging TCPA litigation; (5) the purposes for which Woodard used her phone, including any business purposes; (6) the circumstances relating to Woodard's retention of the Heidarpour Law Firm.

Plaintiff/Counter-Defendant's Schedule Proposal:

| EVENT | DEADLINE/DATE |
|---|---|
| Initial Disclosures to be made by: | April 4, 2025 |
| End of Initial Fact Discovery Period (Limited to Woodard's individual claims and HIA's counterclaims) | September 15, 2025 |
| All Fact Discovery to be commenced in time to be completed by: | March 15, 2026 |
| Anticipated Number of Depositions | Approximately 7 |
| Plaintiff Expert Reports | By November 15, 2025 |
| Defendant's Expert Reports | 30 days following Plaintiff's Expert Reports |
| All Expert Discovery Completed | March 15, 2026 |
| Class Certification filing deadline | By January 15, 2026 |

| Summary Judgment filing deadline | To occur no less than 120 days after the Court's ruling on class certification. (Defendant/ Counter-Plaintiff notes its concerns on "one-way" intervention)[1] |
|---|---|
| Status Conference post MSJ and Class Certification | TBD |
| Final Pre-Trial Order | TBD |
| Trial | TBDS |

Defendant/Counter-Plaintiff's Proposal:

| EVENT | DEADLINE/DATE |
|---|---|
| Initial Disclosures to be made by: | April 11, 2025 |
| End of Initial Fact Discovery Period (Limited to Woodard's individual claims and HIA's counterclaims) | September 15, 2025 |
| All Fact Discovery to be commenced in time to be completed by: | March 15, 2026 |

---

[1] One-way intervention concerns arise when dispositive motions are decided before class certification, thus enabling putative class members to await a class determination before deciding whether to participate. *See In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367, at *3 (E.D. Va. May 7, 2021) ("Allowing putative class members to await dispositive rulings before committing to becoming class members was unfair to defendants, who–having once litigated successfully–could be put to the expense of defending multiple additional actions by opt-out class members. In part as a response to this 'recurrent source of abuse,' Rule 23 of the Federal Rules of Civil Procedure was amended in 1966 'to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments.'" (cits. omitted).

| | |
|---|---|
| Anticipated Number of Depositions | Approximately 7 |
| Plaintiff Expert Reports | By November 15, 2025 |
| Defendant's Expert Reports | 30 days following Plaintiff's Expert Reports |
| All Expert Discovery Completed | March 15, 2026 |
| Class Certification filing deadline | By January 15, 2026 |
| Summary Judgment filing deadline | To occur no less than 120 days after the Court's ruling on class certification.  (Defendant/ Counter-Plaintiff notes its concerns on "one-way" intervention)[2] |
| Status Conference post MSJ and Class Certification | TBD |
| Final Pre-Trial Order | TBD |
| Trial | TBD |

---

[2] One-way intervention concerns arise when dispositive motions are decided before class certification, thus enabling putative class members to await a class determination before deciding whether to participate. *See In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367, at *3 (E.D. Va. May 7, 2021) ("Allowing putative class members to await dispositive rulings before committing to becoming class members was unfair to defendants, who–having once litigated successfully–could be put to the expense of defending multiple additional actions by opt-out class members. In part as a response to this 'recurrent source of abuse,' Rule 23 of the Federal Rules of Civil Procedure was amended in 1966 'to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments.'" (cits. omitted).

**4. Settlement**

The parties have complied with their obligation under the Court's Order regarding settlement.

**5. Consent.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: March 24, 2025

                PLAINTIFF,
                By his attorneys

                */s/ Anthony I. Paronich*
                Anthony I. Paronich
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (508) 221-1510
                anthony@paronichlaw.com

                DEFENDANT,
                By its attorneys

                By: */s/ Tyler A. Mamone*
                Tyler A. Mamone, Esq.
                Florida Bar No.: 111632
                (admitted *pro hac vice*)
                Yetian Wang, Esq.
                Florida Bar No.: 1025778
                (admitted *pro hac vice*)
                **MAMONE VILLALON**
                100 SE 2nd St., Suite 4030
                Miami, Florida, 33131
                Tel: (786) 495-8180
                E-mail: tyler@mvlawpllc.com
                        yetian@mvlawpllc.com

                Donald J. Morrison, Esq.
                ARDC# 6225680
                **KELLEHER + HOLLAND, LLC**

                                                      32 N. West Street
                                                      Waukegan, IL 60085
                                                      Tel: (847) 244-2660
                                                      Email: dmorrison@kelleherholland.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on March 24, 2025, I electronically filed the foregoing through the Court's CM/ECF System.

                                                 */s/ Anthony I. Paronich*
                                                 Anthony I. Paronich