UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case No.: 1:23-cv-02630

ANTIONETTE WOODARD, individually
And on behalf of all others similarly situated,

    Plaintiff/Counter-Defendant,

v.

HEALTH INSURANCE ALLIANCE LLC,

    Defendant/Counter-Plaintiff.
_____/

**DEFENDANT/COUNTER-PLAINTIFF HEALTH INSURANCE ALLIANCE LLC'S
REPLY IN FURTHER SUPPORT OF MOTION TO BIFURCATE DISCOVERY**

    Defendant/Counter-Plaintiff, Health Insurance Alliance LLC ("Defendant/Counter-Plaintiff" or "HIA"), by and through the undersigned counsel, hereby files this Reply to Plaintiff/Counter-Defendant Antionette Woodard's ("Plaintiff/Counter-Defendant" or "Woodard")'s Opposition to the Defendant's Motion to Bifurcate Discovery ("Opposition") [ECF No. 54], in further support of HIA's Motion to Bifurcate Discovery ("Motion") [ECF No. 51], and states as follows:

**INTRODUCTION**

    In her Opposition, Woodard again incorrectly argues that nothing about this lawsuit is "manufactured" and challenges the consent form as "hearsay." Not only will discovery demonstrate that Woodard's claim is meritless *because HIA did not place the calls at issue* (they were transferred to HIA), but Woodard entirely ignores her own conduct during the calls – including her request for a call back, her admission that she uses her phone for business purposes, and her feigning interest in HIA's products and conspicuous absence of any request to be placed

1

on a do not call list. Indeed, Woodard tries to avoid this because she knows her conduct was misleading and designed to encourage further calls for the purposes of bringing a TCPA lawsuit. This is how her scheme works as a professional TCPA litigant: (1) put your phone number on a do not call list, (2) submit an online form consenting to be called at that number (*or have someone submit it on your behalf*), (3) feign interest in the products being sold and fail to make any do not call request to encourage further calls (and increase the statutory damages amount), and (4) ultimately threaten or bring a class-action lawsuit, hoping that the cost of defense analysis will cause an innocent party to pay a large settlement to avoid the cost of litigation.

As HIA explained in the Motion, bifurcated discovery will reveal that (1) Woodard provided consent to receive telemarketing communications, (2) established a business relationship with HIA, and (3) she committed fraud against HIA, all of which will be dispositive of this case.

Woodard opposes HIA's proposed bifurcation for several reasons, but they are not dispositive, given the unique nature of this case. First, the bifurcation of discovery is not inefficient or inconvenient as there is no substantial overlap of issues between merits discovery and class discovery given the unique nature of the case. Second, the fact dispute over Woodard's consent and HIA's counterclaims for fraud does not impact the bifurcation of discovery. Instead, the bifurcation is so the parties to secure a just, speedy, and inexpensive determination of the case. Third, there is no prejudice to Woodard as the bifurcation will streamline the discovery process, and Woodard fails to demonstrate any potential "loss of evidence" during the bifurcated discovery.

## **ARGUMENT**

### I. The Bifurcation of Discovery Is Not Inefficient or Inconvenient.

Woodard first argues that the bifurcation of discovery is "counterproductive" here because the parties will need to duplicate their work. Opposition, at p. 2. Not so. Woodard does not explain

2

how everything will be duplicated. Instead, bifurcating discovery will have the opposite effect—saving all parties and the Court, time, effort and expense. As HIA explained in the Motion, Woodard's individual claim is meritless. HIA did not place the calls at issue, and even if it had, (which it didn't) there was consent to do so nonetheless – both though the online consent form and, again, during her phone conversation with HIA. Resolving these critical issues before costly, class discovery indisputably furthers the interests of justice and purpose of Fed. R. Civ. P. 1 ("These rules…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Indeed, the bifurcation of discovery will help streamline the discovery process and make it more efficient by allowing the parties to focus on a specific aspect of the litigation, *which may obviate the need for class discovery entirely*.

Again, bifurcation is particularly appropriate when, as here, a case may be adjudicated on the merits of the named plaintiff's case. *Marshall v. Grubhub Inc.*, No. 19 C 3718, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022) (Bifurcation is appropriate in TCPA class actions when resolving a single issue can possibly "resolve the case and render trial on the other issue[s] unnecessary.") (quoting *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL), 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (internal quotations omitted)); *see also Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005).

Woodard argues that bifurcation "lead[s] to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation." Opposition, at p. 3. However, she does nothing to elaborate on this aside from giving some examples of potential overlaps in discovery. *See id.* at 4. But, bifurcated discovery on Woodard's consent and relationship with HIA does not

3

substantially overlap with class discovery (which relates to common practices and identification of class members).

The cases Woodard cites in the Opposition are inapplicable here. For example, in *EQT Prod. Co. v. Terra Servs., LLC*, a 2014 case, the court denied the request for bifurcation because the defendant's proposed schedule takes discovery through the end of January 2017. No. CV 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014). But here, HIA's proposed limited discovery on Woodard's individual claims and HIA's counterclaims ends on September 15, 2025 – only a few months from now. *See* ECF No. 50, at p. 11. Woodard also heavily relies on *Katz v. Allied First Bank, SB* and *Charvat v. Plymouth Rock Energy, LLC*. Those cases are also inapplicable here. A TCPA plaintiff (represented by the same counsel here) also raised the same argument in *Harris v. Shore Funding Sols. Inc.* but was rejected by the court. No. 23CV00789JMAJMW, 2023 WL 3440077, at *4 (E.D.N.Y. Apr. 21, 2023). As the court in *Harris* explained, "each of those cases denied motions to bifurcate because of the substantial overlap of discovery identified between Plaintiff's claim and the anticipated class discovery." *Id.* But here, as in *Harris*, there is no substantial overlap between Woodard's individual claims and the putative class discovery. Thus, *Katz* and *Charvat* are inapplicable here.

Thus, because Woodard fails to demonstrate any inefficiency or inconvenience, the bifurcation is proper in this case.

## II. A Factual Dispute Over Woodard's Consent and HIA's Counterclaims Does Not Impact Bifurcation.

Whether a factual dispute exists regarding Woodard's consent and HIA's counterclaims for fraud against Woodard does not impact HIA's request for bifurcating discovery. Addressing these issues before turning to class discovery benefits all parties involved and favors bifurcation. Woodard's consent and HIA's fraud claims deal with a single set of facts arising from Woodard's

4

conduct. Thus, Woodard's argument that bifurcation should not be granted because a factual dispute exists is inappropriate.

Here, HIA's proposed bifurcation seeks to create an efficient and cost-effective discovery schedule. The factual dispute regarding Woodard's consent and HIA's fraud claims can be readily addressed in the bifurcated discovery which focuses specifically on Woodard's claims and HIA's counterclaims. As such, a factual dispute exists over these issues, and containing discovery of these issues would be both effective and efficient to resolve this case. These issues deal with a set of facts about Woodard specifically—there is simply no reason to force an innocent party like HIA to endure costly class discovery at this juncture.

In the Opposition, Woodard again argues that she did not commit fraud by realleging several rejected arguments made in her motion to dismiss counterclaim. As HIA previously pointed out, Woodard merely argues that HIA's evidence is insufficient, but here, this argument does not explain how it has any impact on the bifurcation of discovery. Indeed, discovery will reveal more evidence that strengthens HIA's evidence, including Woodard's submission of the consent form and how the form was submitted.

Woodard also cites *Clotz v. The Federal Savings Bank, et. al.* and argues that "Defendant does not have the right IP address, strongly supporting someone else visited the website." Opposition, at p. 7. Again, this argument does not impact the bifurcation of discovery. Moreover, she ignores that her husband, Eric Woodard, was listed on the consent form, suggesting that the form wasn't random or submitted in error. As the court in *Johansen v. Efinancial LLC* explained, "IP addresses can be unreliable indicators of physical location" and "provides no meaningful information about who submitted the online form for a life insurance quote." No. 220CV01351RAJBAT, 2021 WL 7161969, at *8 (W.D. Wash. June 11, 2021). As the court in

5

*Johansen* concluded: "In light of the evidence presented, the undersigned concludes that no reasonable jury could find that someone other than Plaintiff submitted the online request to obtain a life insurance quote and provided consent to be called. As such, no genuine issue of material fact exists and it is recommended that summary judgment be entered in favor of Efinancial." *Id.* at *9. Regardless, IP addresses are not decisive about who submitted the opt-in information. Thus, Woodard's argument on this point carries no weight.

### III. Woodard Fails to Demonstrate Any Prejudice or "Loss of Evidence" If Discovery Is Bifurcated.

"Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice." *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013). Woodard speculates that bifurcating discovery will cause a "real risk" that Woodard will be prejudiced "through the loss of evidence held by third parties." Opposition, at p. 8. This argument lacks merit. Indeed, Woodard fails to explain how the proposed bifurcation will cause any "loss of evidence" during discovery.

Woodard cites several cases to support her "loss of evidence" argument, but none of these cases are relevant to her argument. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3rd Cir. 2008); *Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014); *Sanaah v. Howell*, No. CIVA.08CV02117REBKLM, 2009 WL 980383 (D. Colo. Apr. 9, 2009); *Saleh v. Crunch, LLC*, No. 17-62416-CIV, 2018 WL 11264884 (S.D. Fla. Feb. 28, 2018). The courts in *Briscoe*, *Sanaah*, and *Saleh*, for example, do not address bifurcation whatsoever and are not in this jurisdiction. Additionally, *Brisco* and *Sanaah* are not TCPA cases. *Hartley-Culp* addresses bifurcation, but it does not address the risk of evidence loss as being a reason to not grant a motion to bifurcate. 2014 WL 4630852 at *2-4. Thus, these cases are inapplicable and cannot support Woodard's argument against bifurcation.

6

## **CONCLUSION**

This Honorable Court should grant HIA's Motion to Bifurcate Discovery [ECF No. 51].

Dated: April 9, 2025

Respectfully submitted,

By: /s/ *Tyler A. Mamone*
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
(admitted *pro hac vice*)
Yetian Wang, Esq.
Florida Bar No.: 1025778
(admitted *pro hac vice*)
**MAMONE VILLALON**
100 SE 2nd St., Suite 4030
Miami, Florida, 33131
Tel: (786) 495-8180
E-mail: tyler@mvlawpllc.com
Email: yetian@mvlawpllc.com

Donald J. Morrison, Esq.
ARDC# 6225680
**KELLEHER + HOLLAND, LLC**
32 N. West Street
Waukegan, IL 60085
Tel: (847) 244-2660
Email: dmorrison@kelleherholland.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of such filing to all counsel of record as indicated on the service list.

By: /s/ *Tyler A. Mamone*
Tyler A. Mamone, Esq.