**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTIONETTE WOODARD, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION FILE NO. 23-cv-2630 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HEALTH INSURANCE ALLIANCE, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____/ | | |

**<u>Plaintiff's Opposition to the Defendant's Motion to Strike Affirmative Defenses</u>**

**Introduction**

The Court should deny the Defendant-Counterclaimant Health Insurance Alliance Insurance LLC's ("Health Insurance Alliance") motion to strike the affirmative defenses contained in the Plaintiff-Counterdefendant Antionette Woodard's ("Plaintiff" or "Ms. Woodard") answer. Ms. Woodard has sufficiently outlined cognizable, adequate legal defenses to the Defendant's counterclaim which, if proven, warrant dismissal. To be sure, the Plaintiff factually opposes the Defendant's pled counterclaims, and the Court rejected those defenses based on the face of the Defendant's counterclaim as pled. But discovery will ultimately reveal that the Plaintiff did not visit any website alleged (a website which Defendant does not even operate and which Defendant will not reveal who operates it), nor did she direct anyone to do so. The Plaintiff will also demonstrate that her conduct during the illegal calls she received was permissible and encouraged by the TCPA as eminently necessary in ascertaining who called her illegally. Defendant's motion seeks to unjustly deprive the Plaintiff of an opportunity to develop evidence in support of the defenses to her counterclaim while at the same time refusing to permit the Plaintiff discovery into her own affirmative claims. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1380 (3rd ed. 2010) (motions to strike portions of pleadings are "often sought by the movant simply as a dilatory or harassing tactic"). Defendant attempts to do so here. This gamesmanship of the lowest order must be rejected.

**BACKGROUND**

The Plaintiff will not here go over the procedural history of these proceedings in detail. Defendants have filed two motions to strike in this litigation, two failed motions to dismiss, and are now seeking to bifurcate discovery. The instant motion is one the Defendant has filed to strike *all of* the Plaintiff's affirmative defenses in her answer to the Defendant's counterclaims,

1

essentially seeking to deprive the Plaintiff of any cognizable defense thereto. This response follows.

## **LEGAL STANDARD**

Rule 12(f) provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion made by a party before responding to the pleading, such as the Answer, as here. FED. R. CIV. P. 12(f), (f)(2). However, the 12(f) device is used rarely and is particularly disfavored, applying, by its very definition, to "redundant, immaterial, impertinent, or scandalous matter." "Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). The Northern District of Illinois has followed a three-part test in examining whether an affirmative defense should be subject to a motion to strike. *Id.* First, the matter must be properly pleaded as an affirmative defense, second, the matter must be pled according to Rule 8 or 9 (i.e. requiring a "short and plain statement" demonstrating that the pleader is entitled to relief), and third, the affirmative defense must be legally sufficient. *Id.* at 802–803. And even when an affirmative defense is struck, the pleader is protected by Rule 15(a)'s counsel that leave to amend those pleadings should be given "freely . . . when justice so requires." *Id.* Indeed, unless a defense is "patently defective and could not succeed under any circumstances," it should remain. *Mobley v. Kelly Kean Nissan, Inc.*, 864 F.Supp. 726, 732 (N.D. Ill. 1993).

## **ARGUMENT**

### 1. **The affirmative defenses are properly pled as affirmative defenses, meet the "short and plain statement" standard required by Rule 8, and are otherwise legally sufficient.**

The Plaintiff asserts eight affirmative defenses in her Answer. Defendant claims that these affirmative defenses are "vague and conclusory" and "fail to inform HIA [sic] the basis of her

defenses" and that she "fails to identify or label her affirmative defenses." The last such argument may be quickly dispatched and is plainly contradicted by the text of the Plaintiff's answer to the counterclaim, as well as the heading thereunder, which states in pertinent part, "Now comes Plaintiff/Counter-Defendant Antionette Woodard and for her affirmative defenses against Defendant/Counter-Plaintiff Health Insurance Alliance LLC's counterclaim states as follows:" The Plaintiff's then lists her eight affirmative defenses. Moreover, that assertion is belied by the fact that the Defendant has identified each of those eight distinct affirmative defenses and taken issue with them. With respect to the contention that the defenses are not properly plead as such and do not meet Rule 8's requirements, even a cursory analysis finds these contentions are untrue.

Each of the affirmative defenses pled is properly pled as an affirmative defense, meets Rule 8's requirements, and is legally sufficient. Start with the Plaintiff's claim that the Defendant has failed to state a claim upon which relief can be granted. Although technically not an *affirmative* defense, it is still a *defense* and should not be struck. *Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 423 (N.D. Ill. 2001). Although it is true that a party may not simply recite the 12(b)(6) standard as an affirmative defense, an issue that is easily curable through amendment, the Plaintiff, just as the Defendant, filed a denied motion to dismiss under Rule 12(b)(6), and outlined the various disputed legal issues under which the Defendant would not have a claim, including if the Plaintiff's actions do not constitute fraud, and the Plaintiff's failure to commit any fraudulent act. At trial or summary judgment, those defenses will be sufficient for the counter-Plaintiff to show that the counter-Defendant has failed to state a claim. *Sanwa Bus. Credit Corp. v. Harris*, No. 91 C 0204, 1991 WL 156116, at *1 (N.D. Ill. Aug. 6, 1991) (recognizing there is overlap in when a matter may be affirmatively pled as opposed to denied). Indeed, in this regard, the Defendant's *own* answer is a prime example of the pot calling the kettle black providing little more adornment as to

3

what the Defendant's own affirmative defense on this basis is, including the conclusory statements that the "Plaintiff fails to plausibly allege that HIA placed any telemarketing calls to her." So too here. The Defendant fails to plausibly allege that Woodard committed any fraudulent act, or that any of her actions constituted fraud under any one of the three theories pled.

Next, the Plaintiff's defense that the Defendant has failed to state the elements of fraud with particularity is likewise a proper affirmative defense pled with the required degree of specificity and which is legally sufficient. Like the previous defense, the Plaintiff had outlined in her motion why the Defendant has failed to plead fraud with particularity. Moreover, in both of the cases cited by the Defendant on this point, *Safeway* and *Arizona RV*, the defendants appear to have failed to move to dismiss the fraud allegations in both cases. As counseled by *Sayad* and *Sanwa*, *supra*, there is often an overlap between a denial that the defendants have pled fraud with particularity and will be able to do so at summary judgment and trial and the affirmative defense pled here. *See AEL Fin. LLC v. Tri-City Auto Salvage, Inc.*, No. 08-CV-4384, 2009 WL 3011211, at *11 (N.D. Ill. Aug. 31, 2009) (dismissing fraud claim and striking affirmative defense of fraud on the same grounds). Moreover, as the court noted in *United States ex rel. Abrams v. Procarent, Inc.*, No. 4:15-CV-00104-TWP-DML, 2021 WL 12307379, at *3 (S.D. Ind. Sept. 29, 2021), the failure to plead fraud with particularity is a valid affirmative defense, even in light of the Plaintiff's denied motion to dismiss, "Although the court has already adjudicated the defendants' prior motions to dismiss, including their arguments about why the amended complaint did not state a claim or plead fraud with sufficient particularity, the court is not aware of any rule that a defendant cannot continue to assert these statements within an answer." Here, there is no rule that prohibits the Plaintiff from asserting the defense that the Defendant has failed to plead fraud with particularity merely because the Court denied the Plaintiff's motion to dismiss based on the Defendant's

allegations at the pleadings stage, and this defense should not be struck.

Moving onto the third affirmative defense, unlike the other two, the Defendant seems to concede that the affirmative defense is properly plead as an affirmative defense and is legally sufficient. However, Defendant takes issue with the second prong of the *Renalds* test, whether the Plaintiff has pled such a defense with a "short and plain statement" showing that the Plaintiff is entitled to relief. As an initial matter, and though any deficiency is easily cured through amendment, at the procedural posture here, on a counterclaim, the Court can infer the clear "unclean hands" and "lack of good faith" here. That conduct is the basis for the Plaintiff's affirmative claims that the Defendant called her illegally in violation of the TCPA, including while concealing its identity, also in violation of the TCPA. That renders the authorities cited by the Defendant distinguishable, as, on the procedural posture here, the basis for the unclean hands allegations are clear and sufficient under well-established Illinois law. *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *4 (N.D. Ill. Apr. 17, 2008) ("Under the Illinois unclean hands doctrine, a party seeking equitable relief may be denied such relief if that party engaged in misconduct, fraud or bad faith that was directed toward the defendant, and if the alleged misconduct involved the same transaction at issue in the suit."). Indeed, in *Bd. of Educ. of Thornton Twp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Cmty. High Sch. Dist. 217*, No. 06 C 2005, 2006 WL 2460590, at *4 (N.D. Ill. Aug. 21, 2006), this court implicitly held that a plaintiff may have notice of an affirmative defense in the answer itself. So too here, where the basis for this affirmative defense is readily apparent from the Plaintiff's own pleading on her affirmative claims. In any event, if the Court holds that the Plaintiff has insufficiently alleged this defense under Rule 8 or 9's pleading standard, that deficiency is readily curable through amendment.

Moving on to the Plaintiff's fourth affirmative defense, that defense should not be stricken

5

for much the same reasons as the third should not be, particularly in the context here of a counterclaim. The face of the Complaint makes the Defendant's own wrongful and improper conduct readily apparent, in that the Defendant called the Plaintiff illegally, without consent, all the while concealing its identity, rendering the investigatory and confirmatory pursuits of the Plaintiff all the more necessary, all the while casting doubt on the Defendant's contention that the Plaintiff committed fraud by visiting a website she explicitly denies having visited. In other words, all the "fraudulent" conduct here was a direct result of, and necessitated by, the Defendant calling the Plaintiff illegally. The Plaintiff does not plead contributory negligence so much as that the Defendant acted improperly as an initial matter, as the Plaintiff's affirmative claims make clear. This is akin to a defendant in an employment action pleading that they took permissible "remedial action" to investigate and correct improper conduct; under that same theory Plaintiff would be entitled to relief as any investigative actions were taken as a result of the Defendant's own illegal calling conduct. *See Renalds*, 119 F. Supp. 2d at 805. In other words, if the Plaintiff succeeds in demonstrating that the Defendant called her illegally, and Defendant fails to assert its affirmative defense of consent, the Defendant's own improper conduct in calling Plaintiff and other class members without consent would defeat its own counterclaims of fraud based on that purported consent. On that same basis, the Defendant has been "has been put on notice as to the relevant facts necessary to understand these affirmative defenses" through the Plaintiff's affirmative complaint, and as such, they should be allowed to stand. *Cracco v. Vitran Express, Inc.*, No. 07 C 756, 2007 WL 9815680, at *2 (N.D. Ill. June 29, 2007).

The Plaintiff's fifth affirmative defense of offset is proper, as well. In the context of the counterclaim, a pled here, to the extent that HIA is successful in its counterclaims, those counterclaims will be offset by any damages awarded to Plaintiff and the class in this case. As

such, this affirmative defense sufficiently puts HIA "on notice that [Woodard] will offset damages to the extent that the as yet undeveloped factual record show that this is appropriate." *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *2 (N.D. Ill. Jan. 9, 2015). This Court has consistently held that the offset defense, as pled here, is unquestionably sufficient. *Pietrzycki v. Heights Tower Serv., Inc.*, No. 14 C 6546, 2015 WL 688510, at *2 (N.D. Ill. Feb. 17, 2015) ("This defense is based on facts that may be developed further through discovery. Plaintiff is sufficiently put on notice that Defendants will attempt to offset any plaintiffs' recovery on this basis. The motion to strike is denied."); *Behn v. Kiewit Infrastructure Co.*, No. 17 C 5241, 2018 WL 5776293, at *4 (N.D. Ill. Nov. 2, 2018) ("Its affirmative defense sufficiently puts [Behn] on notice that [Kiewit] will offset damages to the extent that the as yet undeveloped factual record show that this is appropriate." We will not strike Kiewit's eleventh affirmative defense.) (cleaned up); *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 WL 89434, at *6 (E.D. Wis. Jan. 7, 2008) ("It would not be reasonable to expect the defendant to have detailed information about mitigation or offset at this early stage of the litigation." (citing *Yash Raj Films v. Atl. Video*, 2004 WL 1200184, *4 (N.D. Ill. 2004)).

Defendant engages in an example of the pot calling the kettle black with respect to its sixth affirmative defense. In its *own* affirmative defense, entitled "causation," Defendant states that the Plaintiff's claims are barred because "HIA did not cause any of the alleged calls to Plaintiff or the putative class members, and the alleged acts or omissions of HIA were superseded by the acts or omissions of others, including Plaintiff *or other parties*." It should be noted that the courts in this Circuit have themselves struck the *Defendant's own* affirmative defense of "causation," as pled by the Defendant, and unlike pled by the Plaintiff. *Leonard v. Trs. of Indiana Univ.*, No. 119CV00963JRSMJD, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019). Here, the Plaintiff

provides just the same level of detail, if not more, than does the Defendant with respect to its own substantially similar affirmative defense, which is not one of *proximate* causation, but *causation*, i.e. complete lack of cause, full stop. The Plaintiff needs discovery to determine who submitted her husband's information and her phone number to the website alleged, who owns the website, or if the alleged website visit even took place at all. As such, this affirmative defense is appropriate as the Defendant is not left scratching its head; it has the outlines of what the Plaintiff believes the evidence will show, and Plaintiff is not required to name specific as yet-unknown parties whose involvement may be revealed through discovery. And, in addressing a nearly identical argument to the one advanced here at the Plaintiff has failed to plead other potentially liable parties:

> That contention is preposterous. The sentence is clearly part of the affirmative defense regarding the lack of causation; it sets up the rest of the affirmative defense, which explains, "[a]ny acts or omissions of [Defendant] were superseded by the acts or omissions of others, including [Plaintiff], which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained by [Plaintiff]."

> Plaintiff contends that this second sentence, while "arguably an affirmative defense," should still be stricken because it fails to "provide [Plaintiff] with even a hint of what actions [Plaintiff] took to cause the damage it sustained." *Id.* Defendant counters that this affirmative defense is an appropriate response to Plaintiff's general allegation that Defendant's actions caused Plaintiff "tens of thousands of lost sales." As Defendant points out, "[g]iven the vague allegations regarding its damages, there could be untold superseding causes." More to the point, Defendant has sufficiently stated all of the elements of this affirmative defense, thereby putting Plaintiff on notice that Defendant may argue that superseding causes resulted in Plaintiff's lost sales and profits. The fact that the affirmative defense lacks all sorts of details that discovery could be reasonably expected to reveal *is exactly why the parties should engage in discovery on this issue*. Defendant is not obligated to engage in substantive fact-finding at the pleading stage; it is enough that it has pled facts alleging each element of the affirmative defense.

*ExeGi Pharma, LLC v. Brookfield Pharms., LLC*, No. 20-CV-192-JPS, 2020 WL 13860694, at *3 (E.D. Wis. July 15, 2020) (cleaned up). This Court should likewise hold.

The seventh affirmative defense, that the Defendant has failed to mitigate its damages, is also well-pled and widely recognized as an appropriate affirmative defense, just as pled here, in this Circuit. In illegally calling the Plaintiff without identifying itself or any other relevant parties

involved, conduct which has persisted throughout the course of this litigation, the Plaintiff was forced to investigate into who was calling her illegally. Moreover, because neither the Plaintiff nor her husband submitted any information into the website alleged, and because Defendant appears to have done nothing to verify that the website leads it was purchasing were legitimate, the Defendant has failed to mitigate its damages, including those from relying on the fictitious lead that was submitted by some unknown party (if at all). Again, the Defendant's position here is yet another example of the pot calling the kettle black, as the Defendant has made nearly identical allegations in its own affirmative defenses, including by faulting the Plaintiff for "failing to revoke her prior express consent," consent which did not exist as an initial matter. For that matter, the Defendant's own affirmative defense in this regard should be stricken, as a Plaintiff in a TCPA case isn't even required to mitigate damages. *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011). Even so, mitigation is plainly applicable to the fraud claims here and is properly pled as an affirmative defense. *WEC 98C-5 LLC v. Saks Inc.*, No. 20-CV-03970, 2022 WL 22858802, at *2 (N.D. Ill. Sept. 26, 2022) (refusing to strike common law failure to mitigate defense); *Sanchez v. La Rosa Del Monte Exp., Inc.*, No. 94 C 3602, 1994 WL 603901, at *2 (N.D. Ill. Nov. 1, 1994) (holding that failure to mitigate was a proper affirmative defense and that pleading the defense just as here was sufficient because "LRDM's statement that '[p]laintiff has failed to mitigate her damages,' sufficiently informs Sanchez of what LRDM proposes to raise in the case. At this early stage in the litigation it would be unreasonable to expect LRDM to have detailed information about Sanchez's post-termination conduct."). So too here, where, at this early stage of the litigation, it isn't even clear as to why the Defendant relied on the website or what steps it took to ensure the accuracy of information submitted to it.

Finally, with respect to the Plaintiff's eighth affirmative defense, which reserves the right

to add additional affirmative defenses as necessary, if the Court finds that this is improperly pled as an affirmative defense but should instead be plead in the form of a separate reservation of rights, the Court should construe it as such or grant leave to amend to cure this deficiency.

## CONCLUSION

For the foregoing reasons, the Plaintiff has met each one of the requirements in the Seventh Circuit to plead the affirmative defenses she has. To the extent she has not, she should be given leave to amend to correct any factual or other deficiencies. Otherwise, Defendant's motion to strike should be denied.

RESPECTFULLY SUBMITTED AND DATED this April 14, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Ill. Gen Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## Certificate of Service

The foregoing document has been filed electronically, is available for viewing and downloading from the ECF system, and has been served on all parties of record via electronic service through the ECF system on April 14, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.