**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**Case No.: 1:23-cv-02630**

ANTIONETTE WOODARD, individually
And on behalf of all others similarly situated,

      Plaintiff/Counter-Defendant,

v.

HEALTH INSURANCE ALLIANCE LLC,

      Defendant/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF HEALTH INSURANCE ALLIANCE LLC'S**
**REPLY IN FURTHER SUPPORT OF MOTION TO BIFURCATE DISCOVERY**

Defendant/Counter-Plaintiff, Health Insurance Alliance LLC ("Defendant/Counter-Plaintiff" or "HIA"), by and through the undersigned counsel, hereby files this Reply to Plaintiff/Counter-Defendant Antionette Woodard's ("Plaintiff/Counter-Defendant" or "Woodard")'s Opposition to the Defendant's Motion to Strike Affirmative Defenses ("Opposition") [ECF No. 56], in further support of HIA's Motion to Strike Affirmative Defenses ("Motion") [ECF No. 49], and states as follows:

**INTRODUCTION**

In her Opposition, Woodard again incorrectly argues that "her conduct during the illegal calls she received was permissible and encouraged by the TCPA as eminently necessary in ascertaining who called her illegally."  But, as this Court found, Woodard did more than just "play along," she actively solicited calls from HIA to manufacture her TCPA claims. Indeed, Woodard cannot use her purported "play along" to cover her fraud. She also cannot use the TCPA to perpetrate her fraud.

As HIA explained in the Motion, Woodard's eight one-sentence affirmative defenses fail to meet the required pleading standards and thus do not put HIA on sufficient notice of the factual and legal basis of her defenses. As per the clear legal precedent established in this District, the Court should strike Woodard's affirmative defenses as legally insufficient.

## ARGUMENT

### *Woodard's First Affirmative Defense*

Woodard concedes that her first defense – failure to state a claim – is not an affirmative defense. *See* Opposition, at p. 3. However, Woodard argues that "it is still a defense and should not be struck." *Id.* Woodard's argument lacks merit because she designates the defense of failure to state a claim as an affirmative defense. Thus, Woodard's first defense should be stricken as it is not an affirmative defense.

The cases Woodard cites cannot support her argument. In *Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 422-23 (N.D. Ill. 2001), the court agreed that the "allegation of failure to state a claim is not technically an affirmative defense." *Id.* at 422. The court also "strikes the word 'affirmative' from defendants' failure to state a claim defense. *Id.* at 423. The court deemed that the defendants' failure to state a claim defense is a strong defense because the individual defendants "likely cannot be sued under the ADA or the ADEA." *Id.* But here, Woodard labels her first defense as an affirmative defense and the Court already held that HIA's stated its fraud claims. Thus, *Sayad* is inapplicable. *Sanwa Bus. Credit Corp. v. Harris* also does not help Woodard because the court, in that case, granted the plaintiff's motion to strike all the defendant's affirmative defenses. No. 91 C 0204, 1991 WL 156116, at *8 (N.D. Ill. Aug. 6, 1991).

Woodard also argues that HIA raised 12(b)(6) defense and HIA "fails to plausibly allege that Woodard committed any fraudulent act, or that any of her actions constituted fraud under any

2

one of the three theories pled." Opposition, at p. 4. Yet, Woodard's one-sentence defense is not comparable to HIA's 12(b)(6) defense as HIA raises more plausible facts by incorporating the facts in its counterclaims, which are outside the scope of Woodard's case. *See* ECF No. 36, at p. 18. Woodard's argument merely challenges the Court's ruling that HIA stated its fraud claims, which is not persuasive. Thus, the Court should strike Woodard's first affirmative defense.

*Woodard's Second Affirmative Defense*

Next, Woodard argues that her defense that HIA failed to state the elements of fraud with particularity is a proper affirmative defense "pled with the required degree of specificity…." Opposition, at p. 4. Not so. Woodard's one-sentence second affirmative defense does not, in any way, meet the degree of specificity. Indeed, like her first defense, Woodard's second affirmative defense merely recites the standard of Rule 9(b), which cannot be legally sufficient.

Woodard also argues that in *Safeway* and *Arizona RV*, the defendants did not move to dismiss the fraud allegations. But Woodard fails to explain how these cases do not support the striking of her second affirmative defense. Woodard further argues that "there is often an overlap between a denial that the defendants have pled fraud with particularity and will be able to do so at summary judgment and trial and the affirmative defense pled here." Opposition, at p. 4. Yet, Rule 9(b) ("Pleading Special Matters") is the pleading standard that only requires fraud be pled with particularity, it does not require evidence to meet this requirement. *See Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc.*, No. 92 C 6089, 1993 WL 360426, at *3 (N.D. Ill. Sept. 15, 1993) ("Rule 9(b) and Rule 8 require that the complaint include the time, place and contents of the alleged fraud, *but the complainant need not plead evidence*.") (emphasis added). In other words, HIA does not need evidence to meet Rule 9(b)'s particularity requirement. As such, even if Woodard may raise this defense at summary judgment or trial, it is still meritless as the Court

3

already found that HIA's fraud claims met Rule 9(b)'s particularity requirement. Thus, Woodard's second affirmative defense fails as a matter of law.

The cases Woodard cites are inapplicable here. In *AEL Fin. LLC v. Tri-City Auto Salvage, Inc.*, the court granted the plaintiff's motion to strike the defendants' affirmative defense of fraud. No. 08-CV-4384, 2009 WL 3011211, at *11 (N.D. Ill. Aug. 31, 2009). *United States ex rel. Abrams v. Procarent, Inc.* is not a case within this District, and the court, in that case, merely stated that it was "not aware of any rule that a defendant cannot continue to assert these statements within an answer." No. 4:15-CV-00104-TWP-DML, 2021 WL 12307379, at *3 (S.D. Ind. Sept. 29, 2021) (emphasis added).

### *Woodard's Third Affirmative Defense*

For her third affirmative defense, Woodard falsely argues that "Defendant seems to concede that the affirmative defense is properly plead as an affirmative defense and is legally sufficient." Opposition, at p. 5. This argument misrepresents HIA's position in the Motion. HIA's argument is clear that Woodard's third affirmative defense – unclean hands/lack of good faith – fails to meet the required heightened pleading requirements of Rule 9(b) as mandated by the case law in this District. *See* Motion, at p. 6.

Woodard also argues that the alleged conduct is that "Defendant called her illegally in violation of the TCPA, including while concealing its identity, also in violation of the TCPA." Opposition, at p. 5. This is untrue. HIA did not place the alleged calls (they were transferred to HIA), and it did not conceal its identity during the transferred calls. Woodard again attempts to use her alleged "play along" to cover her fraud. This is improper. "The bad conduct constituting unclean hands must involve fraud, unconscionability or bad faith toward the party proceeded against, and must 'pertain to the subject matter involved and affect the equitable relations between

the litigants.'" *Int'l Union, Allied Indus. Workers of Am., AFL-CIO v. Loc. Union No. 589, Allied Indus. Workers of Am., AFL-CIO*, 693 F.2d 666, 672 (7th Cir. 1982) (internal citation and quotation omitted) (emphasis added). Unlike HIA's affirmative defense of unclean hands, which is directly related to Woodard's fraud, Woodard fails to explain how the purported violation of the TCPA constitutes "fraud, unconscionability, or bad faith." Thus, Woodard's third affirmative defense should be stricken as legally insufficient.

The cases Woodard cites are inapplicable. In *MPC Containment Sys., Ltd. v. Moreland*, the court granted the plaintiff's motion to strike the affirmative defense of unclean hands as the defendants failed to satisfy the required elements under Illinois law. No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. Apr. 17, 2008). Also, in *Bd. of Educ. of Thornton Twp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Cmty. High Sch. Dist. 217*, the court held that the defendants' affirmative defense of unclean hands must be stricken as "[n]owhere in the amended answer do defendants suggest plaintiffs committed fraud." No. 06 C 2005, 2006 WL 2460590, at *4 (N.D. Ill. Aug. 21, 2006).

*Woodard's Fourth Affirmative Defense*

For her fourth affirmative defense, Woodard argues that "all the 'fraudulent' conduct here was a direct result of, and necessitated by, the Defendant calling the Plaintiff illegally." Opposition, at p. 6. This argument lacks merit. As explained above, Woodard cannot use her alleged "play along" or "investigation" to cover her fraud. It is one thing that Woodard received telemarketing communications, it is quite another that she solicited such communications through her fraudulent scheme. In any event, Woodard's one-sentence defense that HIA's "claims are barred by their own wrongful, negligent, and improper conduct" fails to meet the requisite pleading standards, which should be stricken as legally insufficient.

The cases Woodard cites are misplaced here. In *Renalds v. S.R.G. Rest. Grp.*, the court denied the plaintiff's motion to strike because the defendant's assertion of remedial action is proper under *Faragher* and *Ellerth*. 119 F. Supp. 2d 800, 805 (N.D. Ill. 2000). But here, Woodard's fraudulent conduct is a harmful action, instead of a remedial action. Indeed, the purpose of Woodard's conduct was to solicit more calls to manufacture her TCPA claims instead of stopping the calls. In *Cracco v. Vitran Express, Inc.*, No. 07 C 756, 2007 WL 9815680 (N.D. Ill. June 29, 2007), the court did not discuss a defense like Woodard's fourth affirmative defense.

### Woodard's Fifth Affirmative Defense

For her fifth affirmative defense, Woodard argues that this affirmative defense sufficiently puts HIA on notice. Opposition, at p. 7. As HIA argues in the Motion, "offset" is not a proper affirmative defense, which should be stricken on this reason alone. Woodard's one-sentence "offset" defense also fails to meet the requisite pleading standards and thus is legally insufficient.

The cases Woodard's cites cannot support her argument. For example, Woodard's fifth affirmative defense is nowhere comparable to the defendant's affirmative defense pled in *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *2 (N.D. Ill. Jan. 9, 2015). In *Pietrzycki v. Heights Tower Serv., Inc.*, the defendants alleged that they are "'entitled to a set-off in the amount of all monies paid to Plaintiff and others who may be deemed similarly and constituting wages or compensation paid to them for 'drive time,' 'ride time,' or otherwise.'" No. 14 C 6546, 2015 WL 688510, at *4 (N.D. Ill. Feb. 17, 2015). Woodard's defense is also not comparable to the defendants' in *Pietrzycki*.

### Woodard's Sixth Affirmative Defense

For her sixth affirmative defense, Woodard again attempts to compare with HIA's affirmative defense. Yet, like her other affirmative defenses, Woodard's sixth affirmative defense

is nowhere comparable to HIA's causation defense. As stated above, HIA's causation defense

incorporates the facts in its counterclaims, which sufficiently puts Woodard on notice that HIA did

not place the purported calls to her as the calls were transferred from a third party. The action by

the third party and Woodard's fraudulent solicitation of the calls constitutes the independent,

intervening, and proximate cause of Woodard's alleged injuries. Unlike HIA's causation defense,

Woodard's sixth affirmative defense fails to provide HIA with sufficient notice about how HIA's

injuries were not caused by Woodard's conduct but rather the actions of others. Indeed, HIA sues

Woodard for fraud. Woodard fails to explain how her conduct – the fraudulent submission of the

consent form and misrepresentations during the calls – did not cause HIA's injuries.

Woodard cites two out-of-state cases to support her argument. But in *Leonard v. Trs. of

Indiana Univ.*, the court granted the plaintiff's motion to strike the affirmative defense of proximate

cause. No. 119CV00963JRSMJD, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019). Also,

Woodard engaged in discovery before filing her answer to HIA's counterclaims.[1] In *ExeGi

Pharma, LLC v. Brookfield Pharms., LLC*, it appears the parties did not have a discovery schedule

when the plaintiff moved to strike the defendant's affirmative defenses. No. 20-CV-192-JPS, 2020

WL 13860694, at *4 n. 2 (E.D. Wis. July 15, 2020) ("On the note of discovery, the parties are on

notice that the Court does not impose a discovery schedule."). Thus, it is not unreasonable for

Woodard to allege sufficient facts to support her sixth affirmative defense.

*Woodard's Seventh Affirmative Defense*

For her seventh affirmative defense, Woodard again falsely argues that she was "forced to

investigate into who was calling her illegally." Opposition, at p. 9. The uncontroverted evidence

---

[1] Woodard has engaged in discovery since November 2024 by issuing third-party subpoenas. Woodard filed her answer to HIA's counterclaims on March 12, 2025 – approximately four (4) months after she engaged in discovery.

7

in this case – the call transcripts – demonstrates that this is false. As HIA alleges in its counterclaims and as this Court found in the order on Woodard's motion to dismiss, Woodard had done more than just "play along." Instead, she actively solicited calls from HIA and never indicated that the calls were unwanted. Again, Woodard cannot use the purported "play along" or "investigation" to cover her fraud. Otherwise, the TCPA will become a tool for certain individuals, like Woodard, to perpetrate fraud. This conduct should not have a place in our judicial system.

Moreover, Woodard challenges HIA's affirmative defense of failure to mitigate and improperly argues that it should be stricken. Opposition, at p. 9. This argument is improper in response to a motion to strike and Woodard failed to file a motion to strike timely. Again, HIA's affirmative defense of failure to mitigate incorporates the facts contained in its counterclaims, which sufficiently identifies that Woodard failed to (1) revoke her prior express consent, (2) make any do-not-call requests, and (3) terminate her established business relationship with HIA. Thus, Woodard's seventh affirmative defense is not comparable to HIA's failure to mitigate defense. Additionally, Woodard attempts to seek actual damages on behalf of the putative class. *See* ECF 20-1, at p. 8 ("[W]hether Class Members are entitled to *actual* and/or statutory damages for the aforementioned violations.") (emphasis added). Thus, Woodard did have a duty to mitigate her purported damages. *See George v. Leading Edge Recovery Sols., L.L.C.*, No. 8:13-CV-484-T-24-TBM, 2013 WL 3777034, at *2 (M.D. Fla. July 18, 2013) ("Plaintiffs provide no authority showing mitigation may not be a defense to a TCPA claim that seeks to recover actual damages.").

The cases Woodard cites are inapplicable here. *WEC 98C-5 LLC v. Saks Inc.* is different from this case as it addresses the issue of breach of a lease guaranty, and the plaintiff there moved to strike based on the argument that the court already held that the defendant was not entitled to exercise the tenant's defenses under the lease. No. 20-CV-03970, 2022 WL 22858802, at *2 (N.D.

8

Ill. Sept. 26, 2022). Again, while this case is at an early stage, Woodard already engaged in discovery. Thus, it is not unreasonable for Woodard to provide sufficient facts about the alleged failure to mitigate damages in her answer, which was filed after her efforts to conduct discovery. *See Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1230 (N.D. Ill. 1996) (striking failure to mitigate damages defense and noting that: "Unlike *Sanchez*, this case is not at an early stage and some discovery has been taken."). Thus, *Sanchez v. La Rosa Del Monte Exp., Inc.* is inapplicable.

*Woodard's Eighth Affirmative Defense*

Woodard argues that the Court should grant leave to amend her eighth affirmative defense to be a separate reservation of rights. Opposition, at p. 10. Yet, this will add unnecessary clutter to the case. As the courts in this District held: "Should defendants wish to add affirmative defenses in the future, they may do so by filing a motion to amend." *Consumer Fin. Prot. Bureau v. TransUnion*, 701 F. Supp. 3d 744, 756 (N.D. Ill. 2023) (holding that the defenses "purport to reserve the right to assert additional affirmative defenses as this case proceeds" are improper); *see also F.D.I.C. v. Mahajan*, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013). Thus, Woodard's eighth affirmative defense should be stricken in its entirety.

## CONCLUSION

This Honorable Court should grant HIA's Motion to Strike Affirmative Defenses [ECF No. 49].

Dated: April 21, 2025                    Respectfully submitted,

By: _/s/ Yetian Wang_____
Yetian Wang, Esq.
Florida Bar No.: 1025778
(admitted *pro hac vice*)
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
(admitted *pro hac vice*)
**MAMONE VILLALON**
100 SE 2nd St., Suite 4030

Miami, Florida, 33131
Tel: (786) 495-8180
E-mail: tyler@mvlawpllc.com
Email: yetian@mvlawpllc.com

Donald J. Morrison, Esq.
ARDC# 6225680
**KELLEHER + HOLLAND, LLC**
32 N. West Street
Waukegan, IL 60085
Tel: (847) 244-2660
Email: dmorrison@kelleherholland.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of such filing to all counsel of record as indicated on the service list.

By: /s/ *Yetian Wang*
Yetian Wang, Esq.